# Renfro's Adm'x *v.* Hughes.

*Trover.*

1. *Trover; reduction of damages by recovery of property.*—In trover, if the plaintiff regains possession of the property sued for before the trial, this should be estimated in reduction of damages.

2. *Same; measure of damages when property regained.*—In such case, the measure of damages is the actual injury sustained by the plaintiff at the hands of the defendant, including any diminution in the value of the property caused by the defendant's detention or use, the value of the use of the property while detained by the defendant, and all expense the tort of the defendant has put upon the plaintiff in recovering the possession.

3. *Same.*—Where in trover for the recovery of damages for the conversion of a horse, which was stolen from the plaintiff in Georgia and brought to this State by the guilty party and sold to the defendant, who had no knowledge of the theft, the traveling expenses of the plaintiff from his home in Georgia to the place where he found the horse, constitute no part of the injury done by the defendant to the plaintiff, and can not be recovered.

[Renfro's Adm'x v. Hughes.]

APPEAL from Lee Circuit Court.

Tried before Hon. H. D. CLAYTON.

This was an action of trover by Samuel E. Hughes against Forney Renfro, for the recovery of damages for the alleged conversion of a horse. Renfro having died pending his appeal in this court, the cause was here revived in the name of his personal repsesentative. On the trial the plaintiff proved that the horse was his property; that it was stolen from him at his home near Milledgeville, in Georgia, and that he afterwards found it in the possession of the defendant at Opelika, in this State, from whom he regained it before the commencement of this suit. The evidence for the defendant tended to show that he traded with one Huguley for the horse about three or four weeks after it was stolen; that he kept it about two weeks and sold it to one Stevens, who in turn sold it to one Adams, from whom defendant re-purchased it after hearing that it had been stolen, for the purpose of returning it to the owner, and that at the time of purchasing the horse from Huguley he had no knowledge or suspicion that it had been stolen. The plaintiff,. against the defendant's objection, introduced evidence tending to show the value of the horse when defendant obtained possession of it,. and also evidence tending to show the value of the horse at the time it was regained by plaintiff, about one year afterwards, and that on account of its damaged condition it was then worth less than at the time it went into the possession of the defendant; and to the introduction of this evidence the defendant duly excepted. The plaintiff also, against the defendant's objection, introduced evidence tending to show the value of the hire or use of the horse from the time defendant first obtained possession to the time plaintiff regained it, and the defendant excepted. The plaintiff was allowed by the court, against the defendant's objection, to prove that he came from his home to Opelika, for the purpose of regaining the horse, by railroad, and that his railroad fare was sixteen or seventeen dollars. To this ruling the defendant excepted. There was a judgment on verdict for the plaintiff, from which the defendant sued out this appeal.

The rulings of the Circuit Court above noted, together with others not necessary to be set out in this report, are here assigned as error.

J. M. CHILTON, for appellant, cited *Donnell v. Jones*, 13 Ala. 490; *Lewis v. Paull*, 42 Ala. 136; 1 Chitty's Plead. m. p. 339; 2 Add. on. Torts, p. 1147; *Deysher v. Triebel*, 64 Penn. St. 383.

BARNES & SON, *contra*.—(1). Trover will lie for a *temporary*

[Renfro's Adm'x v. Hughes.]

conversion.—*St. John v. O'Connell*, 7 Port. 479; *Gray v. Crocheron*, 8 Port. 191; *Ewing v. Blount*, 20 Ala. 694. (2). "If the plaintiff has regained the possession, he is only entitled to recover damages equal in value to the use or service of the goods; and also compensation for any injury done them; and *if he is put to necessary and reasonable expense in regaining the possession* (otherwise than by suit at law), he may recover such expenses from the wrong-doer."—*Ewing v. Blount*, 20 Ala. 694; *McDonald v. North*, 47 Barb. 530; *Greenfield Bank v. Leavitt*, 17 Pick. 1; *Pierce v. Benjamin*, 14 *Ib.* 356; *Tamraco v. Simpson*, 19 C. B. (N. S.) 453; *Hurlburt v. Green*, 41 Vt. 490; Sedg. on Dam. 613–14.

STONE, J.—In actions of trover, where the possession of the property has not been recovered or regained before the trial and judgment, the measure of damages, if the plaintiff succeed, is the value of the property converted, and interest upon it. And, in assessing the damages, the jury are not necessarily confined to the value at the time of the conversion. When this is the case, the interest should be computed from the time the jury elect in fixing the value. They should never fall below that, but may take any value proved, from the time of the conversion to the trial. But if before the trial the plaintiff regains possession of the property, this should be estimated in reduction of damages. In the case last supposed, the measure of recovery is the actual injury the plaintiff has sustained at the hands of the defendant. This will include any diminution in the value of the property caused by the defendant's detention or use, the value of the use of the property while detained by the defendant, and all expense the tort of the defendant has put upon the plaintiff, in recovering the possession. These principles are clearly settled in *Ewing v. Blount*, 20 Ala. 694, and we approve and follow them. They do not include counsel fees for prosecuting the action in trover.—*Copeland v. Cunningham*, 63 Ala. 394, and authorities cited.

The plaintiff, against the objection of defendant, was allowed to prove, as an item of damages, his railroad fare from Milledgeville, Georgia, to Opelika, Alabama, as an item of expense in recovering his horse. There is no pretense that Renfro had any agency in removing the horse from the one place to the other. The testimony is, that the horse was stolen from the plaintiff at Milledgeville, Georgia, was brought to Opelika by Huguley, and was there traded to Renfro. This is not injury done by defendant to the plaintiff, and furnishes no ground of recovery. The court erred in admitting this evidence.—*Bolling v. Tate*, 65 Ala. 417.

Reversed and remanded.