(87 South. 19)

## W. O. BROYLES STOVE & FURNITURE CO. v. HINES, Director General. (6 Div. 120.)

(Supreme Court of Alabama. Oct. 28, 1920.)

**1. Trover and conversion ⊜⟶17 — One holding special interest, as mortgagee, can recover only value of such interest.**

One who has a special as well as a general interest or title to personal property can maintain trover for its conversion, but can only recover the value of his special interest, a rule especially applying to plaintiff suing for a general conversion, but holding merely a mortgage or lien on the property converted.

**2. Carriers ⊜⟶94(4)—Shipper's recovery from converting railroad confined to value of special interest.**

The shipper of furniture, bill of lading attached in the sum of $54, order to notify the consignee, the railroad having delivered the goods to the consignee without payment of the draft and bill of lading, in relation to its right to recover from the railroad as for a conversion, is in a position analogous to that of a lienee or mortgagee, and the measure of its recovery should be confined to the $54, with interest from time of the alleged conversion, the value of its special interest.

**3. Tender ⊜⟶22—Plea of tender by defendant railroad demurrable.**

In an action against a railroad by the shipper of furniture, bill of lading attached in the sum of $54, order to notify the consignee, the railroad having delivered the goods to the consignee without payment of the draft and bill of lading, plea averring that the full amount due, to wit, $50, was tendered plaintiff shipper before suit brought, was demurrable, as not alleging that the tender was contemporaneous with or immediately after the conversion, without which it could not have been the full amount due as confessed to be due in the former part of the plea.

Appeal from Circuit Court, Jefferson County; Romain Boyd, Judge.

Action by the W. O. Broyles Stove & Furniture Company against Walker D. Hines, as Director General operating the Southern Railway Company. From judgment for de-

---

fendant, plaintiff appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 450. Reversed and remanded.

The plaintiff shipped to Mrs. Peck, at Florence, Ala., furniture valued by them at $600. The shipment was made to plaintiff with bill of lading attached in the sum of $54, order notify Mrs. Peck, and the goods were delivered to her without the payment of the draft and bill of lading. The averments of plea 4 sufficiently appear.

Weatherly, Deedmeyer & Birch, of Birmingham, for appellant.

Tortious conduct of defendant's agent and Mrs. Peck, in bringing about the delivery of the goods without the payment of the draft, was such a conversion as entitled the plaintiff immediately to rescind the contract with Mrs. Peck and resume possession of the property, or sue the carrier or Mrs. Peck for the conversion. 172 Ala. 645, 55 South. 206; 141 Ala. 671, 37 South. 659; 77 Ala. 236; 84 Ala. 173, 4 South. 356; 6 Ala. App. 478, 60 South. 598; 6 A. & E. Ency. 462, 466, and note; 55 N. J. Law, 320, 26 Atl. 907, 22 L. R. A. 415, 22 L. R. A. 415, and note; 10 C. J. 347. This doctrine applies in all cases where possession and control is wrongfully obtained from the true owner. Authority supra. In a case of this kind, the consignor may recover the whole damage. 10 C. J. 348, 350, 354. The recovery is always the value of the goods. 20 Ala. 694; 27 Ala. 468; 20 Ala. 587. Plea 4 is not allowable in actions of this sort. 202 Ala. 263, 80 South. 101; 57 Ala. 521; 57 Ala. 588.

Stokely, Scrivner & Dominick, of Birmingham, for appellee.

In this action, plaintiff can recover no more than the value of his special interest in the property converted. 110 Ala. 438, 18 South. 312; 109 Ala. 154, 19 South. 505; 130 Ala. 430, 30 South. 504; 147 Ala. 660, 41 South. 954; 198 Ala. 162, 73 South. 451.

ANDERSON, C. J. [1, 2] While it is a well-settled legal principle that one who has a special as well as a general interest or title to personal property can maintain trover for the conversion of same, it is also settled that one who has a special interest can only recover the value of his special interest in the property. McGowen v. Young, 2 Stew. & P. 160; Zimmerman v. Dunn, 151 Ala. 438, 44 South. 533. Especially does this rule apply to those plaintiffs in trover who sue for a general conversion and who merely hold a mortgage or lien upon the property converted. Seibold v. Rodgers, 110 Ala. 438, 18 South. 312; Ryan v. Young, 147 Ala. 660, 41 South. 954. The defendant's special plea 4 negatives any general interest or title of the plaintiff in or to the property, and sets up a state of facts showing that the gravamen of its action was the delivery to the consignee of certain goods before the payment of a draft for $54 covering certain shipping charges, freight, etc. In other words, the wrong complained of was not in the conversion of plaintiff's property, but in delivering certain property to the rightful consignee prior to the payment of said draft covering the shipping charges. Had the $54 been paid before the delivery of the goods to E. Peck, the plaintiff, under the facts disclosed by the pleading, would have no right of action against this defendant. Therefore the plaintiff's special interest in the property claimed to have been converted is analogous to that of a lienee or mortgagee, and, the measure of recovery should be confined to the $54 with interest from the time of the alleged conversion.

[3] The defendant's plea 4, however, purporting to be one of tender, should have averred that the $54 offered the plaintiff was tendered immediately after the delivery of the goods, or else should have included interest in said sum from the time of the alleged conversion up to the time of the offer. The plea does aver that the full amount due "to wit, $54," was tendered the plaintiff before the suit was brought, but it may have been tendered the day before the suit was brought; and, unless it was tendered contemporaneous with or immediately after the conversion, it could not be and was not the full amount due as confessed to be due in the former part of the plea. The trial court, therefore, erred in not sustaining the plaintiff's first ground of demurrer to defendant's special plea 4.

The judgment of the circuit court is reversed, the judgment of nonsuit is set aside, the cause is reinstated and remanded.

Reversed and remanded.

SAYRE, GARDNER, and BROWN, JJ., concur.

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes