180 So. 261

### LONG–LEWIS HARDWARE CO. v. ABSTON.

### 6 Div. 276.

Supreme Court of Alabama.

March 3, 1938.

Rehearing Denied April 21, 1938.

Huey & Welch, of Bessemer, for appellant.

Howard H. Sullinger, of Bessemer, for appellee.

KNIGHT, Justice.

Trover for the conversion of "One Second Hand Chevrolet one and one-half Ton Truck."

The cause was twice tried in the circuit court, each trial resulting in verdict and judgment for plaintiff. On motion of the defendant, the trial court set aside the verdict rendered on the first trial and awarded the defendant a new trial. However, the court on return of the second verdict for the plaintiff overruled the defendant's second motion for a new trial, and duly entered a judgment on the second verdict. This action of the court is made the basis for one of appellant's assignments of error.

It is earnestly insisted here that under the evidence the defendant was due the general charge upon one or more grounds. The main insistence in this respect is, that the plaintiff, at the time of the alleged conversion, did not have such special or general interest in or title to the property as would support an action of trover, and further that the plaintiff did not have the

possession, or the immediate right of possession of the property, at the time of the alleged conversion.

■ The gist of an action of trover is conversion, and to support such action there must be a concurrence of the right of property, general or special, and possession, or an immediate right of possession, in the plaintiff at the time of the conversion. W. O. Broyles Stove & Furniture Co. v. Hines, Director General, 204 Ala. 584, 87 So. 19; Granade v. United States Lbr. & Cotton Co. 224 Ala. 185, 139 So. 409; Booker et al. v. Jones' Adm'x, 55 Ala. 266.

■ It has been held by this court that the "fact of conversion does not necessarily import an acquisition of property in the defendant." Howton v. Mathias, 197 Ala. 457, 73 So. 92, 95. The conversion may consist, not only in an appropriation of the property to one's own use, but in its destruction, or in exercising dominion over it in exclusion or defiance of plaintiff's right. McGill v. Hollman, 208 Ala. 9, 93 So. 848, 31 A.L.R. 941, 948; Conner v. Allen, 33 Ala. 515; St. Louis & S. F. Ry. Co. v. Georgia, F. & A. Ry. Co., 213 Ala. 108, 104 So. 33.

■■ The evidence in this case shows, without dispute, that the plaintiff purchased the truck in question from the defendant; that he made a cash payment on the same, in addition to a car which he delivered to the defendant at the time, as part payment. To secure the balance due defendant for the truck, which balance was $155, a "conditional sale contract" was executed by the defendant and plaintiff. This balance was payable: $20 on November 6, 1934, and $15 on the 6th day of each succeeding month thereafter, until the entire balance was paid. By the terms of the contract the legal title to the truck was to remain in the seller until the purchase price was paid in full. The full purchase price of the truck was $268, which included "term charges of $43.00," and which last-named item covered cost of insurance.

The plaintiff's evidence tended to show: That within a short while after the truck was delivered to him under the "conditional sale contract" it was damaged by fire, and he called upon the defendant, at its place of business in Bessemer, Ala., on a day named, which was Sunday, to know what he must do about having the truck fixed, and that he was advised by one of defendant's agents, then in charge of defendant's business, and who had prepared the sale contract, that the defendant would have the truck repaired, and delivered back to plaintiff in a few days, and that the defendant would take care of the cost of the repairs, out of the insurance.

That, following this conversation, the Tucker Motor Company sent out and got the truck, and carried it to its garage for repairs, but that it was not repaired. That on or about the 1st day of February, 1935, which was before the maturity of the February note (plaintiff had fully paid all prior notes) and before there was any default in the payment of any of said notes, the plaintiff again went to Bessemer, and called upon the defendant, inquiring about his truck. That the plaintiff was then told by Mr. Williams, defendant's agent in charge and management of its automobile department, and whose authority is not questioned, that the truck had been brought from the Tucker Motor Company, at Tuscaloosa, and was then in defendant's warehouse. This man Williams then carried plaintiff to the defendant's warehouse, and showed the plaintiff the truck. Plaintiff's evidence further tended to show that the plaintiff then demanded possession of his truck, which was refused unless plaintiff would first pay the defendant $57.50, which defendant's agent said it would cost to get it fixed up and for pulling it in, and storage. That plaintiff then inquired if the insurance did not cover all that, and was told by Williams that they had gotten the insurance. To this the plaintiff replied, "that he would start paying the notes, but would not pay the $57.50, for the insurance covered that." Under the tendency of the plaintiff's evidence no default had then occurred in the payment of any of the notes.

We have stated only the tendencies of plaintiff's evidence, in order to demonstrate that the defendant was not entitled to the general charge. This charge should never be given in any case where the evidence affords a reasonable inference adverse to the party asking it. McMillan v. Aiken, 205 Ala. 35, 88 So. 135; Alabama Power Co. v. Watts, 218 Ala. 78, 117 So. 425; Mutual Life Ins. Co. of New York v. Maddox, 221 Ala. 292, 128 So. 383; Alaga Coach Line v. McCarroll, 227 Ala. 686, 151 So. 834, 92 A.L.R. 470.

The defendant, under the evidence, and its reasonable tendencies, was not entitled to the general charge under any of its stated theories.

602

The court in its general oral charge stated the law of the case fully and fairly to both parties, and certainly as favorable to the defendant as the facts would seem to warrant.

In the general oral charge, and in written charges given at the request of the defendant, the court covered every phase of the law of the case.

■ The defendant was not entitled to have the jury instructed in the terms of any of its refused charges. Such of the charges as asserted applicable principles of law were fully covered by the court in its oral charge, and other special charges given at defendant's request.

■ The objections interposed to the questions propounded to the plaintiff and his wife, while testifying in the case, as to transactions with, and statements made to them by, W. O. Powell, were without merit. There was testimony in the case tending to show that Powell was at the time representing the defendant, and acting for it, and with authority to say and do things that he did say and do. There was testimony in the case at that time, and also subsequently introduced, from which the jury might reasonably infer that Powell was acting for the defendant, duly authorized, in the discussions he had with plaintiff, and in making the assurances he did.

■ We cannot affirm that the court committed error in overruling defendant's motion for a new trial, under the rule of our decisions, with respect to granting new trials. The case has been submitted on the facts to two trial juries. Each found in favor of the plaintiff, with approximately the same amount of damages. The trial court upheld the last verdict, which was, in amount, just a fraction larger than the first. The appellant can take nothing by this assignment of error. Cobb v. Malone and Collins, 92 Ala. 630, 9 So. 738.

It only remains to be said that we have carefully considered each other question here presented by appellant, but have been unable to find that any error, prejudicial to the defendant, was committed. A detail discussion of the same would serve no useful purpose, and we refrain.

Finding no reversible error in the record, the judgment of the circuit court must be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.