44 So.2d 439

**CROSSLEY v. DAVIES.**

**6 Div. 897.**

Supreme Court of Alabama.

Feb. 9, 1950.

276

Morel Montgomery, of Birmingham, for appellant.

Hiram Dodd, of Birmingham, for appellee.

SIMPSON, Justice.

This is an appeal from a judgment of the probate court on final settlement of the administratrix ad colligendum. Code 1940, Title 7, § 776(5).

The assignments of error are rather general, but we think those challenging the judgment allowing the items of the account for attorney's fee for successfully defending the contest of decedent's will and for commissions and extraordinary compensation for the administratrix to be sufficiently specific to invite a review. We will treat the two questions in order

It is the duty of the administrator ad colligendum on final settlement to pay such fees as are reasonable for the services of attorneys in representing him in collecting the assets of the estate and their preservation and such as are found by the court to be reasonable and proper in the performance of his duties. Mitchell v. Parker, 227 Ala. 676, 151 So. 842; Wright's Adm'rs v. Wilkerson, 41 Ala. 267.

The right to an allowance for the payment of such attorney's fees is determined on equitable principles and such expenses in a proper representation of such special administrator, though the effort be unsuccessful, may in circumstances be allowed if reasonable and the administrator acted in good faith in the matter. Mitchell v. Parker, supra; McNeill's Adm'r v. McNeill's Creditors, 36 Ala. 109, 76 Am.Dec. 320.

It has been deduced from these principles that an administrator ad colligendum named as executor in the will of a decedent may properly be allowed such attorney's fees as appear to the court to be reasonable in resisting a contest of the will, and this even though the contest be unsuccessful. Hale v. Cox, 240 Ala. 622 (18), 200 So. 772; Mitchell v. Parker, supra.

The last stated principle is conclusive of the assignment of error as to the allowance of the attorney's fee. Appellee, named as executrix in the will, through her attorney, who was allowed the fee, defended the contest and prevailed in the suit and it was within the authority of the probate court to allow such a fee for that service as appeared to be reasonable and proper.

An analogue of this principle is that an allowance may also be made by the court of such amount as is reasonable and proper under the circumstances for commissions and extraordinary compensation to the administrator ad colligendum Of such was the essence of the holding in Hale v. Cox, supra, to the effect that: "A special administrator is as a general rule entitled to compensation for his services. 21 Amer.Jur. 836, section 817. Our statute

which provides for a special administrator does not make any enactment as to his compensation. But certainly the maximum features of section 5923, Code [§ 377, Title 61, Code 1940], have application. This Code section makes the allowance a matter of judicial determination. * * *" 240 Ala. 628, 200 So. 777.

■ It is to be observed that that holding dealt only with the maximum commissions allowable to the special administrator, but it is equally manifest that since the Code section, 377, provides that "the court may also allow * * * for special or extraordinary services, such compensation as is just" etc., the matter of allowances for special or extraordinary services of the administrator ad colligendum is governed by the same principle and is likewise within the judicial discretion.

■ On the question of the reasonableness of the fees and commissions allowed, all that the record reflects is that the estate was of considerable value, which would be a material consideration in determining the amount to be awarded. There is nothing to show that the allowances were unreasonable and we cannot presume error in the holding below. In the absence of a contrary showing, the presumption on review is that the trial court acted in accordance with law. "Where the record is silent, it will be presumed that what ought to have been done was not only done, but was rightly done * * *." 3 Amer. Jur. 489, § 923; Thomas v. Thomas, 246 Ala. 484(16), 21 So.2d 321; Cox v. Brown, 198 Ala. 638, 73 So. 964; Robertson v. State, 29 Ala.App. 399, 197 So. 73, certiorari denied 240 Ala. 51, 197 So. 75; 5 C.J.S., Appeal and Error, p. 262, § 1533.

■ There are some other questions argued which are not supported by an assignment of error and, of consequence, will not invite consideration. Wetzel v. Hobbs, 249 Ala. 434, 31 So.2d 639.

Affirmed.

FOSTER, LIVINGSTON, and STAKELY, JJ., concur.