184 So.2d 356

**Cooper BROOKS**

**v.**

**Johnny P. JONES et al.**

**7 Div. 701.**

Supreme Court of Alabama.

March 17, 1966.

Huel M. Love, Talladega, for appellant.

Huie, Fernambucq & Stewart, Birmingham, for appellees.

LAWSON, Justice.

Appellant brought this suit in the Circuit Court of Talladega County against appellees to recover damages for personal injuries which appellant received while making repairs to a propane gas truck owned by appellees Johnny P. Jones and Thomas A. Jones, which truck was under the control of appellee Erwin at the time appellant was injured.

In his brief appellant asserts that:

"The trial court erred in refusing to grant appellants' motion for a new trial based on the ground that the verdict is contrary to the great weight and preponderance of the evidence."

Supreme Court Rule 9 provides in part:

"Appellant's brief under separate headings shall contain: * * * (b) under the heading 'Statement of the Facts,' a condensed recital of the evidence in narrative form so as to present the substance clearly and concisely, referring to the pages of the transcript, and if the insufficiency of the evidence to sustain the verdict or finding, in fact or law, is assigned, then the statement shall contain a condensed recital of the evidence given by each witness in narrative form bearing on the points in issue so as to fully present the substance of the testimony of the witness clearly and concisely; * * *."

■ Appellant's brief does not meet this requirement. Consequently, we are constrained to hold that appellant's insistence in brief that the trial court erred in refusing to grant him a new trial on the ground that the verdict is contrary to the great weight and preponderance of the evidence cannot be considered. Woodward Iron Co. v. Stringfellow, 271 Ala. 596, 126 So.2d 96; Standard Oil Co. v. Johnson, 276 Ala. 578, 165 So.2d 361; Evergreen Heading Co. v. Skipper, 276 Ala. 623, 165 So.2d 705; Alabama Farm Bureau Mutual Casualty Ins. Co. v. Crestman, 277 Ala. 410, 171 So.2d 119.

■ The only other argument advanced for reversal is to the effect that the trial court erred in instructions given to the jury at the request of one or more jurors. Counsel for appellant not only did not except to such statements or instructions, but when asked by the court if he was satisfied with the instructions replied, "Yes, sir." We have said that failure to object or except to the giving of oral instructions ordinarily operates as a waiver of any defect or omission therein. United Insurance Co. of America v. Ray, 275 Ala. 411, 155 So.2d 514. That rule is certainly applicable here where counsel for appellant indicated his approval of the instructions of which he now complains.

The judgment of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.