194 So.2d 566

Fred **STALLWORTH**

v.

Pelman **DOSS.**

l Div. 391.

Supreme Court of Alabama.

Jan. 26, 1967.

Gibbons & Stokes, Mobile, for appellant.

John Coleman, Mobile, for appellee.

SIMPSON, Justice.

The defendant-appellant took an automobile from the plaintiff-appellee under the following circumstances. The plaintiff purchased the car under a conditional sale contract and it was financed by Franklin Investment Company, Inc. Under the terms of the contract, the plaintiff was to pay 21 monthly installments of $42.42 each, beginning on August 5, 1962 and on the 5th day of each month thereafter. The last payment was made on September 3, 1963 in the amount of $42.42. He had not always paid the full amount of each payment and a few times had missed payments altogether. The finance company accepted each payment made, however, including the one made on September 3, in the amount of $42.42.

On September 21, 1963, the defendant accosted the plaintiff on a street in Mobile, and according to the plaintiff's testimony (not specifically refuted by defendant) showed him a badge and told him that "I have orders to take your car". The plaintiff gave him the car after driving it to appellant's place of business "Auto Recovery Bureau", which defendant testified functions primarily in the repossession of automobiles.

Plaintiff filed suit against the defendant resting his case primarily upon the theory of the wrongful taking of property of the plaintiff, in Code form and a count for conversion. The jury returned a verdict for the plaintiff in the amount of $1,200. This appeal followed after the trial court overruled defendant's motion for a new trial.

Appellant assigns five errors. The first is to the effect that the court erred in sustaining demurrers to defendant's pleas three and four. No argument is made on this assignment and hence will not be considered.

The second assignment of error is predicated upon the denial of defendant's motion to set aside the verdict and grant a new trial. In support of this assignment the appellant argues that there is no evidence to show that the repossession made by the defendant was anything but peaceful and that in the absence of a showing of "willful conversion, fraud, or gross negligence" in connection with the repossession the jury was not justified in rendering a verdict for punitive damages. The defendant's defense seems to be predicated upon his belief that Franklin Investment Company, Inc., which was the principal, had a "lien" on the car and that he was acting only as agent for the finance company.

The gist of the action of trespass in a case like this is the injury to or interference with plaintiff's possession of goods, and possession whether founded on good or bad title will support the action against a wrongdoer or stranger.—Southern Railway Co. v. Hayes, 183 Ala. 465, 62 So. 874; Carter v. Fulgham, 134 Ala. 238, 32 So. 684; Frost v. Johnson, 256 Ala. 383, 54 So.2d 897; Southern Railway Co. v. Sanford, 262 Ala. 5, 76 So.2d 164. The

defendant cannot prevail on his theory that since there was no violence, or threat of violence there can be no unlawful taking. In Rhodes-Carroll Furniture Co. v. Webb, 230 Ala. 251, 160 So. 247 the defendants entered the plaintiff's home and took furniture which the plaintiff had purchased and upon which he owed a balance. Plaintiff sued in trespass for the wrongful taking. The defense was that there was no violence in the repossession and hence no unlawful taking. There the court noted:

"But the argument overlooks the gist of plaintiff's case as disclosed by that part of the proof, to the effect that one of the agents in asking admission to the house and taking the furniture represented to plaintiff's wife * * * that he was an officer, a 'detective', as she says. That he was not an officer is without dispute. And the jury could reasonably infer from the proof that possession was thus obtained against the consent of the wife, though without any active resistance on her part. Possession thus obtained may nevertheless constitute a trespass, a wrongful taking, as decided by this court in Thornton v. Cochran, 51 Ala. 415."

The plaintiff here testified that the defendant flashed a badge; that he represented himself to be some kind of officer; that the plaintiff thought he was an "FBI". This issue was presented to the jury, and properly so.—Rhodes-Carroll Furniture Co. v. Webb, supra.

Appellant argues that the verdict is excessive in that it obviously includes punitive damages since the automobile was not worth the amount of the verdict returned by the jury. This overlooks the fact that punitive damages may be recovered in an action of trespass and trover or conversion when the evidence justifies the award.—Ward v. Forbus, 213 Ala. 306, 104 So. 765.

The third assignment of error complains of the court's failure to give the af-firmative charge for the defendant. We believe that the circumstances outlined above indicate that there was sufficient evidence presented by the plaintiff to make a case for the jury and hence there was no error in the court's refusal to give this charge at the defendant's request.—Roan v. McCaleb, 264 Ala. 31, 84 So.2d 358.

The remaining assignments deal with the court's oral charge to the jury to which no objection was made at the trial. This presents nothing for this court to review.

We need not repeat the many cases holding that the overruling of a motion for a new trial by the trial court aids the presumption of correctness attending the jury's verdict. We have carefully considered the objection made by appellant that the damages awarded were excessive, but in conference have failed to conclude that the circumstances so indicate.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.