211 So.2d 900

Frank TOMBRELLO et al.

v.

Marion R. McGHEE.

6 Div. 301.

Supreme Court of Alabama.

June 13, 1968.

Huie, Fernambucq & Stewart, Birmingham, for appellants.

Higgins, Windham, Perdue & Johnson, Birmingham, for appellee.

LIVINGSTON, Chief Justice.

This appeal is from a judgment for appellee (plaintiff below) for personal injuries sustained as the result of a collision between appellee's automobile and a truck belonging to the defendant Tombrello and being operated by the defendant Brooks.

The complaint consisted of two counts; Count One being a simple negligence count, and Count Two alleging wanton misconduct. The defendant plead the general issue in short by consent with leave, etc. The case was submitted to the jury under both counts and the jury returned a verdict in favor of the plaintiff for $13,000 under Count One, and $17,000 under Count Two. The verdict read:

"We, the jury, find for the plaintiff and against the defendants and assess his damages at Thirteen Thousand ($13,000.-00) Dollars on Count One and Seventeen Thousand ($17,000.00) Dollars on Count Two of the complaint, or a total of Thirty Thousand ($30,000.00) Dollars on both Counts."

Judgment was entered accordingly.

Defendants filed a motion for new trial. The trial court found that the judgment was excessive by the amount of $5,000, and ordered a remittitur by plaintiff. Plaintiff filed the remittitur and the trial court overruled the motion for new trial.

Under appropriate assignments of error, appellant points out and attacks the verdict rendered in this case as being contrary to the law. Appellant argues that wantonness and negligence cannot exist in the same act, and where a jury returns a verdict based on negligence in part, and on wantonness in part, it is contrary to the law.

We agree that wantonness and negligence cannot exist in the same act, Thompson v. White, 274 Ala. 413, 149 So.2d 797; Milford v. Tidwell, 276 Ala. 110, 159 So.2d 621, and as a general rule, a verdict based in part on each of these is contrary to the law.

In the instant case, the only charge given to the jury was the oral charge of the trial court. After the court charged the jury as to compensatory damages under Count One of the complaint, he proceeded to charge the jury as to punitive damages. To keep from unduly prolonging this opinion, we have not set out the oral charge verbatim, but suffice it to say, it is apparent from a reading of the charge that the trial court never authorized the award of compensatory damages under Count Two (the wanton count). Considering the charge as a whole, the jury could assume that they could only award compensatory damages under Count One and only punitive damages under Count Two. At the hearing on the motion for a new trial, affidavits submitted by each of the twelve jurors confirm that from the oral charge, the jurors understood that they were to make one award for compensation for plaintiff's injuries, and if they were satisfied that the defendant was guilty of wantonness, they could make an award for punitive damages and the total verdict would be the sum of these two.

As we have noted above, a verdict based in part on negligence and in part on wantonness is generally contrary to law. But in the instant case, the jury merely followed the erroneous directions of the trial judge, which they were bound to do. Lee v. Gidley, 252 Ala. 156, 40 So.2d 80; New Hampshire Fire Insurance Co. v. Curtis, 264 Ala. 137, 85 So.2d 441; Southern Railway Co. v. Terry, 268 Ala. 510, 109 So.2d 919. Appellant should have taken an exception to the oral charge or requested an explanatory charge. By his silence, he assented to the charge, which was the law of the case and by which the jury was bound. This erroneous charge could not be made the predicate for error by first taking notice thereof in a motion for new trial. Lee v. Gidley, supra.

Appellant's assignment of error 15 relates to the sustaining of an objection to a question asked of the police officer, Laney, who investigated the accident.

"Q. (By Mr. Fernambucq) Mr. Laney, may I ask you this, sir. What was the occasion for you not making an accident report on this occasion?

"Mr. Johnson: Just a minute. We object to that.

"The Court: Sustained."

Appellant has admitted in his brief that the expected answer would have been that the reason no report was filed was that there did not appear to be any injury, and the damage was so slight that according to his usual rules of procedure and instructions with the Police Department, it would not have been necessary to make out a police report. In effect, the appellant was attempting to elicit medical testimony from the police officer.

■ While applying a strict view of Alabama's rule of exclusion as to an uncommunicated mental process might sustain the exclusion of the testimony, we are inclined to the conclusion that the better view is that the testimony was admissible and was a matter for the jury to decide what weight to give the testimony; a question of credibility rather than one of admissibility.

■ But be that as it may, after a review of the entire record, and especially the medical testimony, we cannot agree that the error complained of probably injuriously affected substantial rights of the parties. Therefore, any error was error without injury. Supreme Court Rule 45, 279 Ala. XXIII.

Appellant's assignments of error 28, 29 and 30 all refer to the excessiveness of the verdict.

■ As we noted above, after a motion for a new trial was filed, the trial court ordered a remittitur of $5,000 and then overruled the motion for new trial. This creates a favorable presumption as to the correctness of the verdict. Airheart v. Green, 267 Ala. 689, 104 So.2d 687. We see nothing to indicate that the verdict was reached on account of bias, passion, prejudice, corruption or other improper motive.

■ Appellant's assignment of error 20 charges that the lower court erred in not permitting the deposition of plaintiff's doctor to be taken to the jury room. The trial court refused to allow the deposition to be taken by the jury because certain pages were folded over and certain lines were underlined.

Title 7, Sec. 275, Code 1940, Recompiled in 1958, states as follows:

"All instruments of evidence, and depositions read to the jury, *may* be taken out by them on their retirement." (Emphasis supplied.)

As we have held in Shirley v. State, 144 Ala. 35, 40 So. 269, and Alabama City, G. & A. Ry. Co. v. Heald, 178 Ala. 636, 59 So. 461, permitting the jury to take showings into the jury room is entirely within the sound discretion of the trial court.

■ Appellant's assignment of error 18 charges that the court erred when it allowed the plaintiff to amend his complaint and claim for loss of wages for his wife, which she sustained when she had to give up her job and assume the duties of the plaintiff at the plaintiff's grocery store. Plaintiff later struck this amendment. During the oral charge, the judge admonished the jury that they were not to consider any evidence with reference to the plaintiff's wife losing her job or the money she received from that job.

We are clear to the conclusion that the trial court effectively corrected any error made in allowing the amendment to the complaint.

For the reasons stated above, this cause is due to be affirmed.

Affirmed.

SIMPSON, COLEMAN and KOHN, JJ., concur.