242 So.2d 383

E. A. COLE, Sr., and E. A. Cole, Jr., Partners, d/b/a Central Sand & Gravel Co.

v.

SOUTHERN RAILWAY CO., a Corp., et al.

6 Div. 716.

Supreme Court of Alabama.

Dec. 17, 1970.

Spain, Gillon, Riley, Tate & Ansley and Ollie L. Blan, Jr., Birmingham, for appellants.

L. Murray Alley, Birmingham, for appellees.

PER CURIAM.

This is an appeal by the plaintiffs, E. A. Cole, Sr., and E. A. Cole, Jr., partners, d/b/a Central Sand & Gravel Company, from a judgment in favor of the defendants on a suit to recover damages to a truck owned by the appellants. The amended complaint alleged in Counts One and Two the negligent operation, and in Count Three the wanton operation of a train being run by employees of the defendant railroad. The trial judge refused, ex mero motu, to submit Count Three, which was the wanton count, to the jury. The defendant railroad filed a plea in recoupment, upon which plea the jury found for the plaintiffs. The plaintiffs filed a motion for a new trial which was overruled by the trial judge. From the overruling of that motion, the plaintiffs perfected this appeal.

The evidence showed that the appellants owned a truck which was involved in a collision with a train operated by defendants at a railroad crossing in Stanton, Alabama, on March 7, 1966. The driver was killed and the truck heavily damaged. The defendant Mayfield, the engineer operating the train which consisted of 76 cars and four diesel units, testified that the track leading up to the crossing at which the accident took place was straight, that on the morning of the accident the train was traveling at about 40 miles per hour, and that he blew the whistle on the train at a point about a quarter of a mile before the public road crossing, and spaced the blows so that the last blast would be blowing when he crossed the road. The last blast was started about 200 feet from the road crossing. He first saw the truck as it made a turn from the sand and gravel plant road onto the county highway which crossed with the railroad tracks eight feet from the plant road. At that point, the train was about 150 feet from the crossing. His view of the truck was then blocked by empty railroad cars standing on a sidetrack. He next saw the truck as it pulled up onto the tracks at the crossing. The train was then about twenty feet from the crossing, the whistle was blowing, and he applied the brakes in emergency and also applied sand to the tracks. He was familiar with that crossing. There were two other men, a brakeman and a conductor, riding with the engineer. Their testimony was essentially the same, but only the conductor caught a glimpse of the truck prior to the collision when the train was about a car length from the crossing. Witnesses for the plaintiffs testified that they had not heard the train blow its whistle until just prior to the collision when it passed by a tippler used to load empty cars. One witness testified that there is a heavily populated section near the gravel plant and that the county road is heavily traveled with people going to and from work. There was no evidence of heavy traffic at the time of the collision.

The appellants argue three assignments of error. The first is that the trial court erred in overruling the appellants' motion

for a new trial which contained the ground that the court erred in its oral charge to the jury in refusing to submit the wanton count, subsequently charging the jury that it could not find for the plaintiffs on that count. The appellants contend that the judge in acting ex mero motu violated Title 7, Sec. 270, Code of Alabama 1940 (Recompiled 1958), although the appellees did request, in writing, the affirmative charge on Count Three, which was refused. Title 7, Sec. 270, supra, provides, in pertinent part:

"The court * * * shall not charge upon the effect of the testimony, unless required to do so by one of the parties."

The rule has long been established that it is reversible error for the court, in its oral charge, to charge on the effect of the evidence where such evidence is in conflict or affords conflicting inferences. Johnson v. State, 43 Ala.App. 224, 187 So.2d 281 (1966).

The portion of the charge complained of is as follows:

" * * * I am not submitting that wanton count to you, and I charge you ladies and gentlemen that you cannot find for the plaintiff against the defendant on the wanton count. I am not submitting that to you."

■ However, without deciding whether this is a charge on the effect of the evidence, we do not think that the alleged error is subject to review by this Court due to the failure of appellants to except thereto at the time and in the manner provided by law.

Appellants complain for the first time in their motion for a new trial that the trial court committed error in its oral instructions to the jury that they could not find for the plaintiffs against defendants on the wanton count. Raising the point for the first time in the motion comes too late. Bradley v. Jones, 282 Ala. 331, 211 So.2d 465; Tombrello v. McGhee, 282 Ala. 408,

211 So.2d 900; Lee v. Gidley, 252 Ala. 156, 40 So.2d 80.

Appellants not only failed to except to the instructions, but they affirmatively assented thereto. The following colloquy appears to have taken place between the trial court and counsel for parties:

"Q. Any exceptions?

"A. MR. BLAN: No sir.

"A. MR. ALLEY: No sir."

In Brooks v. Jones, 279 Ala. 275, 184 So.2d 356 (1966), the Court stated:

" * * * Counsel for appellant not only did not except to such statements or instructions, but when asked by the court if he was satisfied with the instructions replied, 'Yes, sir.' We have said that failure to object or except to the giving of oral instructions ordinarily operates as a waiver of any defect or omission therein. United Insurance Co. of America v. Ray, 275 Ala. 411, 155 So.2d 514. That rule is certainly applicable here where counsel for appellant indicated his approval of the instructions of which he now complains."

See also Foster v. Kwik Chek Super Markets, Inc., 284 Ala. 348, 224 So.2d 895 (1969), where Justice Merrill stated:

" * * * The proper way to reserve an exception to part of the oral charge is for the exceptor to select and recite what the court said, or state the substance of what the court said, and thus, specifically bring to the attention of the trial court and this court the matter and ruling of which complaint is made. * * *"

The next assignment of error argued is that containing ground 12 of the motion for a new trial. That ground was that the trial court erred in failing to submit the wanton count, Count Three, to the jury because there was sufficient evidence of wantonness warranting its submission to

the jury. This assignment reverts to the question of whether a proper exception was made to the oral charge. We have already decided that it was not. Thus, there is no merit in this assignment of error.

■ The last assignment of error argued is number five. The appellants contend that reversible error was committed when a witness for the defendant was permitted to answer, over objection, the following question:

"Q. Mr. Moore, do you have a judgment as to what distance it would take a train of the approximate size and makeup of the train that you had on the occasion of this accident to stop, say going at a speed of twenty miles per hour if the brakes were put on in emergency?

"MR. BLAN: Now, Judge, we object to that. I don't see that has any materiality to the facts of this case.

"THE COURT: I will let him answer.

"MR. BLAN: We except."

Mr. Moore had been a trainman and a conductor for nine years. Because there was undisputed testimony that the train was moving at a speed of approximately 40 miles per hour at the time the defendant railroad's employee applied the brakes in emergency, it is argued that this question was a hypothetical question based on facts not in evidence, and, therefore, the objection of the appellants should have been sustained. The appellants cite cases which they contend would require a reversal. In Southern Ry. Co. v. Simmons, 237 Ala. 246, 186 So. 566 (1939), this Court held that the trial court committed reversible error in allowing a witness to answer a hypothetical question containing a fact not in evidence. The Court stated:

"The two questions above set out were each subject to the objection that they hypothesized a fact that was not in evidence. * * *"

And in Mahone v. Birmingham Electric Co., 261 Ala. 132, 73 So.2d 378 (1954), the Court made the following observation:

"The appellant *duly objected* to the foregoing interrogation of Dr. Nicholson *on the ground that the question contained elements of fact not in evidence* and *argues here* that the trial court committed reversible error in overruling the objection. * * * [Emphasis supplied.]

In the case at bar, the objection raised at the time of the trial was made on the ground of immateriality. We think the ground now argued in appellants' brief comes too late.

In Southern Ry. Co. v. Gullatt, 158 Ala. 502, 48 So. 472 (1909), a hypothetical question was asked in reference to the distance in which a passenger train, running at a certain speed, could be stopped. The grounds of objection were illegality, immateriality, and because the witness was not qualified as an expert. The court there thought the witness to be an expert. As to the first two grounds (illegality and immateriality), the Court said:

"* * * The two first grounds *did not take the point, argued in brief,* that elements were included in the hypothetical question not shown by the evidence. The broad grounds of illegality and immateriality were not definite enough to direct the court's attention to the point indicated and *now argued. * * *"* [Emphasis supplied.]

The Court there held that the objections were properly overruled. We think this case is controlling in the instant case. In the case at bar, that ground for objection which was raised for the first time on appeal comes too late. Therefore, we find no reversible error.

Affirmed.

SIMPSON, COLEMAN, BLOODWORTH, MADDOX and McCALL, JJ., concur.