301 So.2d 546

**ROEBUCK AUTO SALES, INC.**

v.

**Joseph A. WALLACE.**

**SC 705.**

Supreme Court of Alabama.

Oct. 3, 1974.

Sirote, Permutt, Friend & Friedman, and William G. West, Jr., Birmingham, for appellant.

Corretti, Newsom & Rogers, Birmingham, for appellee.

PER CURIAM.

The question in this case is whether a plaintiff is entitled to recover under a detinue count and counts in trover and trespass joined in a bill of complaint. Are the recoveries in the same action totally inconsistent and mutually exclusive? We answer in the negative.

The facts of the case are not overly complex. In February, 1969, Joseph Wallace purchased a 1969 Volkswagen convertible from Roebuck Auto Sales. Apparently, the automobile was bought for Wallace's daughter, Mary Emily, to use. In June, 1969, Mary Emily wrecked the vehicle, and it was returned to Roebuck for repairs. The repairs were made and after someone in the Wallace family paid the $100 deductible under the insurance policy covering the Volkswagen, it was released to Wallace. At that time there remained unpaid a balance of $579.51 on the repair bill. In July, 1969, the insurer issued a check to Wallace to cover the remainder of repair bill. Wallace's wife testified she received the check, signed Mr. Wallace's name as an endorsement, and cashed the check. She testified further that she still had the money at the time of the trial. However, she was uncertain as to whether she deposited the check or received cash, and she said she could not account for every penny.

In November, 1969, Roebuck sent the plaintiff a certified letter, return receipt requested, threatening legal action unless the bill was paid by November 24, 1969. There was evidence that Mrs. Wallace then had conversations with the defendant's agents, and told them she had been dissatisfied with the work done on the car and that the check would be withheld until it was done properly. The car had been taken in for various small repairs between the major repair and the certified letter of November, 1969. In any event, there is no indication that anything else transpired between the parties until February, 1971. On February 19th, Wallace's daughter, Mary Emily, drove the convertible into the defendant's service department to have the windshield wipers repaired. When the work on the wipers was completed, Miss Wallace was presented with a bill for $13.-72, with the following addendum, "Old Bill Due $579.49 [sic]." She was informed by the service manager of Roebuck that she would not be given the automobile until both of these amounts had been paid. Miss Wallace became very angry and supposedly threw an ash tray at the service manager. Thereupon she called her mother, who instructed her to call the police. The police arrived, but declined to get involved, save for transporting Miss Wallace to her home.

Wallace filed his complaint on February 24, 1971, in four counts. Count One was in statutory detinue. Count Two was in trover and conversion, claiming damages in the amount of $50,000. Count Three was in trespass to chattels and claimed $50,000 damages. Count Four sounded in trover or trespass to chattels and damages of $50,000 were claimed in this count. There was no demand for punitive damages. Wallace filed a replevin bond and had possession of the car at the time of the trial.

In his instruction to the jury, the trial judge stated that if the jury found for the defendant under County One, it was not to consider the other counts. However, if it found for plaintiff under Count One, then it was free to consider Counts Two, Three

and Four. The trial judge also instructed the jury that it would be proper to award punitive damages under the last three counts, if it felt that defendant not only acted wrongfully, but did so in a willful or malicious manner, or under circumstances of aggravation. Counsel for defendant made no objection to any part of this oral charge at that time.

The jury returned two verdicts. It found for the plaintiff under Count One. This entitled Wallace to the car plus $130 which was the stipulated reasonable hire for the car during the period of its detention. This is one of the possible recoveries in statutory detinue. There appears to be no consideration of the other type recovery, "alternate value," in view of the fact that Wallace already had the car at the time of the trial. In addition to the car and $130, the jury found for the plaintiff on Counts Two, Three, and Four, and assessed his damages in the amount of $10,000. No indication was given as to what portion of this sum constituted compensatory damages and what constituted punitive damages.

The trial court entered a judgment on both verdicts and soon thereafter the defendant paid the $130 into court in satisfaction of the judgment under Count One. Thereafter, Roebuck made a post-judgment motion to have the $10,000 verdict stricken or otherwise satisfied by reason of the payment of the $130 and recovery of the car. This motion and a motion for a new trial were overruled. Roebuck then brought this appeal.

There are five assignments of error, all predicated upon the trial court's overruling of the motions above. All of the assignments stand upon the basic principle that once the plaintiff recovered the car under Count One, any recovery in conversion or trespass under the other counts of the complaint was improper and inconsistent as a matter of law.

■■ In conversion the recovery traditionally sought is the fair value of the chattel at the time of conversion, plus interest. This is in effect a "forced sale" of the property. Industrial Savings Bank v. Greenwald, 229 Ala. 529, 158 So. 734 (1935). In statutory detinue, recovery consists of the chattel, in specie, or its alternate value. This is augmented by a reasonable sum for rental during the period of detention. Title 7, §§ 918, 919, Code of Alabama 1940 (Recompiled 1958). In the latter case, title to the property remains in the plaintiff, while in trover and conversion title passes to the wrongdoer upon satisfaction of the judgment. Roebuck states the obvious principle that title to property cannot reside in two adverse parties at the same time; that a plaintiff cannot affirm his title and divest it in the same action. Roebuck agrees there is nothing wrong with pleading in the alternative, but recovery on two counts which are mutually exclusive by their very nature is wrong.

■■ We will begin by stating that the fact that Wallace recovered the property prior to the suit should in no way affect his right to bring an action for conversion. That tort is complete when the chattel is converted. A recovery of the property does not amount to a waiver of any right of recovery for conversion. This appears to be the rule whether the property is surrendered voluntarily or through resort to legal action. See Prosser on Torts, 3rd Ed., p. 98, 1964, where it is said:

"In any case, return of the chattel, whether consented to by the plaintiff or compelled by the court, does not bar the action, but goes merely to reduce the damages."

Many of our cases say that prior return of the property to the plaintiff does not bar a suit for conversion. See Renfro's Adm'x. v. Hughes, 69 Ala. 581 (1881); Ewing v. Blount, 20 Ala. 694 (1852); King v. Franklin, 132 Ala. 559, 31 So. 467 (1902).

As we understand the gist of Wallace's argument, he contends there is no inconsistency in his recovery because he was entitled to receive *some* damages for the mere interference with his right to possession, whether in trover or trespass. In Stallworth v. Doss, 280 Ala. 409, 194 So.2d 566 (1967) this court dealt with the wrongful repossession of an automobile by the defendant and the plaintiff apparently recovered in trespass and trover. The court recognized that in such a case the wrong consisted of " . . . the injury to or interference with plaintiff's possession of goods . . . " Also, in trover and conversion our cases have indicated that a conversion may lie even where the wrong is far short of total destruction or appropriation. In Russell-Vaughn Ford, Inc. v. Rouse, 281 Ala. 567, 206 So.2d 371 (1968) the plaintiff sued for conversion of his automobile when he was unwilling to go through with an automobile trade-in at a certain price. He asked for the return of his car keys which had been given to a salesman to "check out" his car. He was informed that they did not know where his keys were. Plaintiff then proceeded to ask and look for them in a frustrated and embarrassed effort. All the while he was the butt of a cruel joke. Later he called the police and his keys were returned to him. He sued, the jury returned a verdict of $5,000 for him, and defendant appealed. It was argued initially that the facts of the case did not make out a conversion, and if they did, then only a conversion of the car keys and not the car. Justice Simpson wrote:

"It is further contended that there was not under the case here presented a conversion at all. We are not persuaded that the law of Alabama supports this proposition. As noted in Long-Lewis Hardware Co. v. Abston, 235 Ala. 599, 180 So. 261,

" 'It has been held by this court that "the fact of conversion does not necessarily import an acquisition of property

in the defendant." Howton v. Mathias, 197 Ala. 457, 73 So. 92, 95. The conversion may consist, not only in an appropriation of the property to one's own use, but in its destruction, or in exercising dominion over it in exclusion or defiance of plaintiff's right . . .'

"We see nothing in our cases which requires in a conversion case that the plaintiff prove that the defendant appropriated the property to his own use; rather, as noted in the cases referred to above, it is enough that he show that the defendant exercised dominion over it in exclusion or defiance of the right of the plaintiff."

In a sense then, the plaintiff's recovery under the detinue count and the trover and/or trespass count remedied two distinct wrongs arising out of the same occurrence. The above cases indicate there can be a recovery in trespass or trover in such a way as not to amount to a divestiture of title from the original owner to the defendant. This cures any difficulties of who would have title as previously discussed, and forming the basis of the inconsistency argued by the defendant.

Thus, Wallace was entitled to recover at least nominal damages for the act of interference with his right to possession of the car either in trover or trespass. This is separate and distinct from the recovery of the car in detinue.

From the record it appears that Roebuck interposed no objection to the trial court's instructions that a proper recovery could be had under Count One and any or all of the other counts. This charge became the law of the case and the jury was bound to follow it whether it was a correct statement of the law. Tombrello v. McGhee, 282 Ala. 408, 211 So.2d 900 (1968); Brooks v. Jones, 279 Ala. 275, 184 So.2d 356 (1966). It is now too late to predicate error on this ground, when no action was taken during the trial.

The question of excessive damages was not assigned as error and we will not discuss it. Crossley v. Davies, 253 Ala. 275, 44 So.2d 439 (1950).

■ Assignment Five deals with the overruling of the motion for new trial. It was assigned but not argued in brief. It is therefore deemed waived. Harris Paint Co. v. Ripps, 289 Ala. 575, 269 So. 107 (1972).

Affirmed.

MERRILL, HARWOOD, McCALL, FAULKNER and JONES, JJ., concur.

HEFLIN, C. J., and BLOODWORTH, J., concur in the result.

COLEMAN, J., does not sit.

MADDOX, Justice (concurring specially).

I think trespass, trover and statutory detinue all proceed upon the theory of continued ownership in the injured party, and are not inconsistent remedies. Our statutory action of detinue does not provide for the recovery of punitive damages which may be awarded as a consequence of malicious acts attendant upon a wrongful seizure and dispossession of property. Cf. Wardman-Justice Motors v. Petrie, 39 F.2d 512 (D.D.C.1930); Annotation: "Judgment in replevin as bar to action by plaintiff for consequential damages for wrongful seizure or conversion of property," 69 A.L.R. 655. In the common law action of replevin, along with the specific property, exemplary or punitive damages were recoverable. 69 A.L.R. 655.

I believe that Alabama's statutory detinue action limits the damages to the "property sued for, or its alternate value, with damages for its detention to the time of trial." Title 7, Section 921, Code of Alabama, 1940. Therefore, I do not think the plaintiff was required to make an election of remedies here.