Where the jury fails to return a verdict, written or oral, and the trial Court enters judgment for the defendants, may the plaintiff predicate error by first taking notice thereof in a motion for a new trial? Yes; we reverse and remand.
A brief factual background is essential to an understanding of the issue here presented. Thomas Hood (driver) and wife (passenger) filed suits against Charles Ham (driver of the second car) for alleged injuries resulting from an automobile accident. Ham's answer (general denial) to Mr. Hood's suit included a counter claim. Ham's insurance carrier filed a subrogation claim against Hood. The two suits, including the counter claim and the subrogation claim, were consolidated for trial. The jury returned a single verdict in favor of Mrs. Hood for $70,000.
Accordingly, the trial Judge rendered judgment for Mrs. Hood; and the Court's minute entry reflects the following:[1] "All other claims in these two cases consolidated for trial, based on verdict of jury, are by these premises hereby denied." Mr. Hood's motion for new trial, testing the propriety of the trial Court's action in rendering judgment against him absent an adverse jury verdict, was denied.
Our discussion proceeds on the premise that counsel for Ham concede the jury returned but one verdict in the two cases consolidated for trial (in favor of Mrs. Hood); that no verdict whatsoever was rendered by the jury in Mr. Hood's case; and that the trial Judge rendered judgment against Mr. Hood, dismissing his case. Further, *Page 1318 
Ham does not contend that the trial Court may properly enter judgment in a "jury demand" case where the jury fails to return a verdict; rather, he contends that the error was committed in the trial Court's oral instruction to the jury; that counsel for Mr. Hood made no objection to the Court's charge; and, therefore, he could not raise for the first time by way of motion for a new trial error which he had previously waived.
Arguing for affirmance, counsel for Ham quote portions of the trial Court's oral instructions to the jury which followed, or was in connection with, the contributory negligence charge:
 ". . . Leave Thomas Hood and Charles Ham where you found them. In other words, nothing . . . You would just leave those two gentlemen where you found them when you sat down in the jury box, which means nothing, just like they are . . . Then you just don't render a verdict in that case. In other words, you just leave them where you found them . . . In other words you would just send these verdicts back blank. You would only return one verdict in this case . . . Just leave them two just like you found them; you don't return nothing."
The jury was bound to follow the trial Court's charge even though erroneous, contend Ham's counsel, citing Tombrello v.McGhee, 282 Ala. 408, 211 So.2d 900 (1968). They contend further that because no objection was taken, or explanatory charge requested, the error, if any, was waived.
Indeed, this contention would be valid except for one significant principle: The oral charge will be considered in its entirety and portions of the charge will not be taken out of their context in order to give a meaning different from the meaning which is clearly intended from a consideration of the entire charge. Fuller v. Darden, 274 Ala. 447, 149 So.2d 805
(1963).
The quoted portions of the trial Judge's oral instruction to the jury overlooks other language which, when considered as a whole, gives perspective to the entire charge. The reference made by the trial Court to, "You just won't render a verdict" and, "You would just send these verdicts back blank" was clearly intended as explanatory of the jury's duty to return a verdict for the defendant in the event the jury found the plaintiff's injuries proximately resulted in his contributory negligence. The expression "return nothing" is referable not to the absence of a verdict but to the amount of damage.
Witness, for example, one further portion of his oral instructions:
 "In other words, as I stated before, on Mr. Thomas Hood's claim on simple negligence, [if] you found that Mr. Ham was guilty of negligence which caused the wreck, but you also believe that Mr. Hood himself was guilty of contributory negligence, then you would just leave them two just like you found them; you don't return nothing, because then you — I mean, that verdict would have to be: `We, the jury, find for the Defendant.'"
Thus the motion for new trial timely raised for review the propriety of the trial Court's entry of judgment of dismissal absent an adverse jury verdict.
The only authority vested in the trial Court to amend a jury verdict is limited to matters of form or clerical error and does not extend to matters of substance required to be passed upon by the jury. Alexiou v. Christu, 285 Ala. 346,232 So.2d 595 (1970). For the rule relating to irregularity, or form of verdict, see also Alabama Power Company v. Cleckler, Ala.,323 So.2d 344 (1975).
This rule applies with equal force where there is a total absence of a jury verdict; and it is no answer to speculate that, in view of the verdict returned in the companion case, it is "apparent" what the jury "must have" intended. Upon demand of a jury trial, the plaintiff was entitled to have his cause adjudicated by a jury verdict. Where the jury returns no verdict whatsoever, there is no authority recognized in our *Page 1319 
law for the trial Court to enter a final judgment of dismissal.
REVERSED AND REMANDED.
TORBERT, C.J., and BLOODWORTH, ALMON and EMBRY, JJ., concur.
[1] For Mrs. Hood's case on appeal, see Ham v. Hood, Ala.,340 So.2d 763 (1976).