I concur in affirming that portion of the judgment of the Court of Civil Appeals that affirmed the trial court's summary judgment in favor of the Smiths on the Andersons' negligence per se claim. I dissent from the reversal of that portion of the judgment of the Court of Civil Appeals that affirmed the trial court's summary judgment in favor of the Smiths as to the Andersons' conversion claim. In affirming the trial court's judgment, the Court of Civil Appeals cited Ellis v. Alcuri,710 So.2d 1266, 1267 (Ala.Civ.App. 1997), for the common-law rule of conversion. In a case, such as this one, where the "title-possession" element of a conversion claim is at issue, the common-law rule states that a plaintiff asserting conversion of his or her property must show, among other things, that at the time of the conversion he or she "had a general or specific title [to the property] and . . . was in actual possession or . . . was entitled to immediate possession [of the property]." Ellis, 710 So.2d at 1267 (quoting Huntsville Golf Dev., Inc.v. Ratcliff, Inc., 646 So.2d 1334, 1336 (Ala. 1994)).
The majority reverses the judgement of the Court of Civil Appeals insofar as it affirmed the trial court's summary judgment in favor of the Smiths on the Andersons' conversion claim. The majority cites Ott v.Fox, 362 So.2d 836, 839 (Ala. 1978), for the proposition that either title or possession is sufficient to maintain an action for conversion. However, in Fox, this Court misstated the law, citing Jones v. Americar,Inc., 283 Ala. 638, 219 So.2d 893, 901 (1969), for the common-law rule on sustaining an action for conversion and substituted the word "or" in the rule for the word "and." Thus, the rule in Fox reads, "[t]he gist of the [conversion] action is the wrongful exercise of dominion over property . . . where said plaintiff has general or special title to the property or
the immediate right to possession." 362 So.2d at 839 (emphasis added).
In Jones and previous cases, this Court correctly stated the common-law rule as follows: "`[t]o be entitled to the right of recovery for conversion, the plaintiff must have general or special title to the property in question, and the possession or immediate right of possession; and the [defendant] must have wrongfully exerted [dominion over the property.]'" 283 Ala. at 647, 219 So.2d at 901 (quoting Hamiltonv. Hamilton, 255 Ala. 284, 289, 51 So.2d 13, 18 (1950)) (emphasis added);Long-Lewis Hardware Co. v. Abston, 235 Ala. 599, 180 So. 261, 262
(1938); W.O. Broyles Stove Furniture Co. v. Hines, 204 Ala. 584,87 So. 19, 20 (1920). In this case, the change of one word in the common-law rule creates two different rules and two different results. Under the original and proper rule, as stated in Jones, the Andersons would need general or special title to the automobile and possession, or the immediate right to possession, of the automobile to support their conversion action against the Smiths. The Andersons did not have *Page 1135 
title to the automobile; therefore, the Andersons' common-law conversion claim should fail.
Furthermore, the Andersons do not have a statutory right of action for a conversion. Section 6-5-261, Ala. Code 1975, provides: "Mere possession of a chattel, if without title or wrongfully, will give a right of action for any interference therewith, except as against the true owner or the person wrongfully deprived of possession." In Arledge v. J.D. PittmanTractor Co., 236 Ala. 131, 132, 181 So.2d 91, 91 (1938), this Court stated that § 5668 of the Code of 1923, which is identical to the current § 6-5-261, Ala. Code 1975, is "merely declaratory of the common law that possession is evidence of title and proof of possession in the plaintiff will sustain an action as against a wrongdoer without title who injures, converts, or takes chattels from such possession."
Under § 6-5-261, Ala. Code 1975, the Andersons could have asserted a conversion claim if they had possession of the automobile when the Smiths converted it. Even though the Andersons may have had an interest in the automobile at that time, they did not have actual possession of the automobile. The Andersons gave possession of the automobile to Clark, who was repairing the automobile. After the Andersons gave Clark possession of the automobile, he left it with the Smiths; thereafter, the Smiths sold the automobile. Therefore, because the Andersons did not have possession of the automobile, the right to bring an action alleging conversion, granted to the possessor of a chattel under § 6-5-261, does not apply to the Andersons.