LEIF JOHNSON FORD, INC., Appellant,

v.

CHASE NATIONAL BANK, Appellee.

No. 8133.

Court of Civil Appeals of Texas, Beaumont.

Dec. 28, 1978.

Rehearing Denied Jan. 26, 1979.

·John B. Meadows, Austin, for appellant.

Frederick M. Schattman, Austin, for appellee.

DIES, Chief Justice.

On December 17, 1976, Big T Equipment and Machinery Service purchased two trucks from Leif Johnson Ford, Inc. (Ford), defendant below, paying with a check which was subsequently dishonored. Big T took possession of the trucks.

Three days later (December 20), Big T obtained certificates of title to the trucks reflecting that it was owner-free and clear of liens. On December 21, 1976, Big T executed a promissory note to Chase National Bank (Bank), plaintiff below, using the certificates of title to the two trucks as collateral for the loan.

On December 22, 1976, the Texas Highway Department through the county clerk issued receipts accepting application for corrected certificates of title, showing plaintiff below—Bank—as the first lien holder.

On December 23, 1976, defendant below—Ford—learned that Big T's check was returned, due to insufficient funds, and repossessed the trucks.

On Friday, December 24, 1976, the Texas Highway Department was closed under the provisions of the General Appropriations Bill of 1975. On Monday, December 27, 1976, the Texas Highway Department was again closed under the Appropriations Bill of 1975, but on that day defendant—Ford—obtained an affidavit from Big T that the original certificates of title were lost or destroyed and a power of attorney to record on the certificate of title a first lien in favor of defendant—Ford. Plaintiff—Bank—notified defendant Ford that the two trucks were security for Big T's loan.

On Tuesday, December 28, 1976, defendant Ford made application with the Highway Department for corrected certificates of title to show defendant as first lien holder, and the applications were accepted.

Plaintiff Bank thereafter filed suit for a temporary restraining order to prevent Big T or defendant Ford from applying for certificates of title or selling the trucks. The district court granted the requested relief. Then, on plaintiff's Bank's motion for partial summary judgment, the court awarded plaintiff Bank a judgment against Big T for $8,516.16, declared that plaintiff Bank's lien was superior to defendant Ford's lien, and ordered defendant Ford to deliver its certificates of title to the Highway Department. The court also ordered the department to revoke those certificates and reissue new ones reflecting plaintiff Bank as the first lien holder.

It is from this judgment that defendant Ford brings this appeal.

The only issue with which we are concerned here is whether plaintiff Bank or defendant Ford has the superior title.

Defendant Ford contends its sale to Big T was conditional, and was defeated when Big T dishonored the checks, citing *Tex.Bus. & Comm.Code Ann. § 2.511(c)* (Vernon 1968).* Defendant Ford contends thereby that it had a purchase money lien, which it perfected by complying with *Tex.Rev.Civ.Stat. Ann. art. 6687–1* (Vernon 1977), and also contends that since December 27, 1976, was a holiday it had until December 28, 1976, under *Tex.Rev.Civ.Stat.Ann. art. 5429b–2, § 2.04(b)* (Vernon Supp.1978), to perfect its lien. There is much discussion in both briefs as to whether or not a holiday granted state agencies in the General Appropriations Bill is in law a "legal holiday" as provided in *Tex.Rev.Civ.Stat.Ann. art. 4591* (December 27th is not among them) (Vernon 1976).

Under our view of the law controlling this case, it is unnecessary to decide wheth-

---

* "Subject to the provisions of this title on the effect by an instrument on an obligation (Section 3.802), payment by check is conditional and is defeated as between the parties by dishonor of the check on due presentment."

er December 27th was a "legal holiday," thus extending defendant Ford's time to file its lien until December 28, 1976.

*Tex.Bus. & Comm.Code Ann. § 2.403(a)* (Vernon 1968) states (in part):

"A person with voidable title has the power to transfer a good title to a good faith purchaser for value. When goods have been delivered under a transaction of purchase the purchaser has such power even though . . . the delivery was in exchange for a check which is later dishonored . . . ."

Thus under this statute Big T had the power to transfer title to the vehicles to a good faith purchaser.

While plaintiff Bank did not purchase the vehicles, it did lend Big T money on the vehicles with no knowledge of the worthless check given Ford by Big T, and of course the Bank had no knowledge at the time it lent Big T the money that Ford would subsequently claim a lien on the trucks.

The Code defines purchaser as including taking by "mortgage, pledge, lien, . . . or any other voluntary transaction creating an interest in property." *Tex.Bus. & Comm.Code Ann. § 1.201(32, 33)* (1968).

In *Matter of Samuels & Co.*, 526 F.2d 1238, 1242 (5th Cir. 1976), *cert. denied*, 429 U.S. 834, 97 S.Ct. 98, 50 L.Ed.2d 99 we find:

"Section 2.403 [quoted above] gives certain transferors power to pass greater title than they can themselves claim. Section 2.403(a) gives good faith purchasers of even fraudulent buyers-transferors greater rights than the defrauded seller can assert. This harsh rule is designed to promote the greatest range of freedom possible to commercial vendors and purchasers.

"The provision anticipates a situation where (1) a cash seller has delivered goods to a buyer who has paid by a check which is subsequently dishonored, § 2.403(a)(2), (3), and where (2) the defaulting buyer transfers title to a Code-defined 'good faith purchaser.' . . .

"*The Code definition of 'purchaser' is broad, and includes not only one taking by sale but also covers persons taking by gift or voluntary mortgage, pledge or lien.*" (Emphasis supplied.)

See also *Ranchers and Farmers' Livestock Auction Company v. First State Bank*, 531 S.W.2d 167 (Tex.Civ.App.—Amarillo 1975, writ ref'd n. r. e.).

Bank therefore was a "good faith purchaser" under the Code when it loaned Big T the money and took a lien on the trucks. This occurred on December 22, 1976; so, Bank has the superior lien. Appellant's points are overruled. The judgment of the trial court is affirmed.

AFFIRMED.

*Opinion on Motion for Rehearing*

Appellee, Chase National Bank, has filed a Motion for Rehearing asking that this cause be remanded, not rendered, for a determination of the amount owing on the appellant's supersedeas bond. Since appellant has had possession, use, and enjoyment of the vehicles while the cause has been upon appeal, the vehicles have depreciated in value. The Motion has merit, and we now amend our earlier order and opinion and now enter an order reversing the judgment of the trial court and remanding the cause with instructions to determine the additional monetary relief to which appellee is entitled and for the entry of judgment against the appellant and the sureties upon its supersedeas bond for the amount so determined. See *Boswell v. Connell*, 556 S.W.2d 624, 626 (Tex.Civ.App.—Beaumont 1977, writ ref'd n. r. e.). All costs in all courts are adjudged against appellant and the sureties upon its supersedeas bond.