**TETON INTERNATIONAL and B & B Corporation, Appellants,**

**v.**

**FIRST NATIONAL BANK OF MISSION, Appellees.**

No. 13–86–185–CV.

Court of Appeals of Texas, Corpus Christi.

Oct. 2, 1986.

Tom Wilkins, McAllen, for appellants.

Darrell Davis, Mission, for appellees.

Before DORSEY, UTTER and BENA-VIDES, JJ.

## OPINION

DORSEY, Justice.

This is an appeal from orders of the trial court denying appellants' special appearance and granting summary judgment in favor of appellee. The rights of an unpaid manufacturer of mobile homes versus the secured creditor of the purchaser are at issue. We affirm.

Appellants, Teton International and B & B Corporation, manufacture and sell mobile homes from their offices in Mills, Wyoming. They sold three mobile homes to K & G RV Sales, Mission, Texas, and delivered the mobile homes with "manufacturer's statement of origin certificates" for each home to K & G. K & G issued personal checks to appellants, which were returned unpaid due to insufficient funds. Appellants were never paid by K & G for the mobile homes. Appellee, The First National Bank of Mission, loaned K & G $51,-690.00, upon presentation of the manufacturer's statements of origin, ostensibly to pay for the mobile homes, and deposited that sum in K & G's account. Appellee Bank took security interests in the mobile homes. Upon failure to receive payment, appellants repossessed the mobile homes from K & G's property and resold them in Arizona. Appellee brought suit against appellants, alleging that they had converted its collateral. Both parties filed motions for summary judgment. Appellee's motion was granted.

By their first four points of error, appellants contend that the trial court did not have jurisdiction to hear the cause because appellants lack minimum contacts with the State of Texas.

A Texas court may exercise jurisdiction over a nonresident if the nonresident engages in business in this state and the action arises out of its activities in this state. *Texas Commerce Bank v. Interpol '80 LTD*, 703 S.W.2d 765, 770 (Tex.App.—Corpus Christi 1985, no writ). Further, subjecting the nonresident to the jurisdiction of a Texas court must not violate due process. Due process is satisfied if the nonresident " 'purposefully avails itself of the privilege of conducting activities within the forum State.' " *Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 200 (Tex. 1985). The nonresident's conduct and connection with the forum state must be such that it should reasonably anticipate being haled into court in the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

The Texas long-arm statute[1] provides that "a nonresident does business in this state if the nonresident ... contracts ... with a Texas resident and either party is to perform the contract in whole or in part in this state; [or] commits a tort in whole or in part in this state." TEX.CIV.PRAC. & REM.CODE ANN. § 17.042 (Vernon 1986).

In this case, appellants had an agreement to sell mobile homes to K & G, deliver the homes to Mission, Texas, and receive payment upon delivery. Appellants' act of repossession "arises out of" this transaction. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 17.044(b)(Vernon 1986). Furthermore, appellee alleged that appellants' actions constituted a tort, committed in whole or in part in this state. Thus, appellants' actions come within the provisions of our long-arm statute.

When appellants entered this state to repossess the mobile homes, they did so in order to advance their own interests. While engaged in such conduct they enjoyed the benefit and protection of the laws of Texas, including the right to resort to the courts of this state. Due process is not offended by requiring appellants to defend an action in this state stemming from its act of repossession committed in this state. *See Arterbury v. American Bank & Trust Co.*, 553 S.W.2d 943 (Tex.Civ.App.—Texarkana 1977, no writ). Appellants' first four points of error are overruled.

By their fifth and sixth points of error, appellants contend that the summary judgment evidence is insufficient as a matter of law.

■ In order for appellee to prevail, it had to prove that its rights in the mobile homes were superior to any rights possessed by appellants. TEX.BUS. & COM. CODE ANN. § 2.401(a)(Vernon 1968), provides that the rights of an unpaid seller of goods are "limited in effect to a reservation of a security interest."

Appellants did not have K & G sign a security agreement granting them a security interest in the mobile homes. TEX. REV.CIV.STAT.ANN. art. 5221f § 19(i) states that "[a] lien on the manufactured homes in the inventory is perfected by filing a security agreement with the department [Texas Department of Labor and Standards]...."[2] No security agreement was obtained between appellants and K & G, let alone filed with the Department of Labor and Standards. Appellants, therefore, as unpaid sellers holding no security interests in the mobile homes, are relegated to the position of unsecured creditors of K & G. *See* TEX.BUS. & COM.CODE ANN. § 9.113, comment 3 (Vernon Supp. 1986).

■ Appellee, on the other hand, is a secured creditor of K & G. Appellee possesses security interests in the mobile homes. Appellee did not file the security agreements, and although unperfected, its security interests attached and are enforceable against third parties such as appellants. *See* TEX.BUS. & COM.CODE ANN. § 9.203 (Vernon Supp.1986). As a matter of law, appellee's rights in the mobile homes were superior to any rights of appellants. *See Villa v. Alvarado State Bank,* 611 S.W.2d 483 (Tex.Civ.App.—Waco 1981, no writ); *Leif Johnson Ford, Inc. v. Chase National Bank,* 578 S.W.2d 792 (Tex.Civ. App.—Beaumont 1978, no writ); *Peerless Equipment Co. v. Azle State Bank,* 559 S.W.2d 114 (Tex.Civ.App.—Fort Worth 1977, no writ); *see also Texas State Bank v. Foremost Insurance Co.,* 477 S.W.2d 652 (Tex.Civ.App.—Corpus Christi 1972, writ ref'd n.r.e.); *Alexander v. Ling-Temco-Vought, Inc.,* 406 S.W.2d 919 (Tex.Civ. App.—Texarkana 1966, writ ref'd n.r.e.); *Sorrels v. Texas Bank & Trust Co.,* 597 F.2d 997 (5th Cir.1979); *In re Samuels & Co., Inc.,* 526 F.2d 1238 (5th Cir.1976), *cert. denied,* 429 U.S. 834, 97 S.Ct. 98, 50 L.Ed.2d 99 (1976).

**1.** Formerly TEX.REV.CIV.STAT.ANN. art. 2031b (Vernon 1964), repealed and codified at TEX.CIV.PRAC. & REM.CODE ANN. Ch. 17 (Vernon 1986).

**2.** A mobile home is covered by the definition of "manufactured home." TEX.REV.CIV.STAT. ANN. art. 5221f § 3(s).

Appellants also argue that appellee did not act in "good faith" in taking security interests in the mobile homes because appellee knew that appellants had not been paid for the mobile homes. There is some question as to whether this issue was presented to the trial court in response to appellee's motion for summary judgment. Further, appellants summarily state that "a review of the Uniform Commercial Code would only allow the Bank to prevail if it indeed acted in 'good faith,'" without citing any particular Code sections or cases. In any event, we find that this contention is without merit. The definition of a good faith purchaser "does not expressly or impliedly require lack of knowledge of third party claims...." *Peerless Equipment Co. v. Azle State Bank*, 559 S.W.2d at 116; *In re Samuels & Co., Inc.*, 526 F.2d at 1243–4. Appellants' fifth and sixth points of error are overruled.

By their seventh point of error, appellants contend that summary judgment was improper because "appellee did not establish that it was the owner of the mobile homes in question." Ownership is not a prerequisite to asserting a security interest in collateral. *See* TEX.BUS. & COM. CODE ANN. § 9.202 (Vernon Supp.1986). Indeed, ownership of the collateral would preclude the need for a security interest in it. Appellants' seventh point of error is overruled.

By their eighth and final point of error, appellants contend that the "trial court erred in granting a Summary Judgment for $51,690.00 because Appellee admitted payments had been made on this debt." This contention was not presented to the trial court for consideration. "Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979); TEX.R.CIV.P. 166–A(c). Appellants' eighth point of error is overruled.

The judgment of the trial court is affirmed.