**GRANITEVILLE COMPANY,**
**Plaintiff–Appellee,**

v.

**BLECKLEY LUMBER COMPANY,**
**INC., Defendant,**

**Dixie Bonded Warehouse & Grain**
**Company, Inc., Defendant–**
**Appellant,**

**Allstate Financial Corporation,**
**Defendant–Appellee.**

**No. 91–8134.**

United States Court of Appeals,
Eleventh Circuit.

Oct. 11, 1991.

Charles L. Ruffin, Cater C. Thompson, Jones, Cork & Miller, Macon, Ga., for defendant-appellant.

E. Kendrick Smith, Smith, Gambrell & Russell, Atlanta, Ga., for plaintiff-appellee.

Before COX and DUBINA, Circuit Judges, and GODBOLD, Senior Circuit Judge.

PER CURIAM:

The appellant, Dixie Bonded Warehouse & Grain Company, Inc. ("Dixie"), appeals the district court's grant of summary judgment in favor of the appellee, Allstate Financial Corporation ("Allstate"). 755 F.Supp. 1543. For the reasons which follow, we affirm the judgment of the district court but for a different reason than that stated by the district court.

This case began as an interpleader action filed by Graniteville Company ("Graniteville") to determine whether Dixie or Allstate was entitled to the proceeds of accounts receivable Graniteville owed to Bleckley Cotton Company ("Bleckley") for cotton purchased. All of Dixie's claims involve the question of who is entitled to the proceeds of Bleckley's accounts receivable, not claims involving Dixie's cotton.[1] While the district court ultimately reached the correct conclusion, its finding that Dixie had standing to challenge Allstate's right to Bleckley's accounts receivable was based on its misinterpretation of § 2–401 and § 9–113 of the Uniform Commercial Code ("U.C.C.").

The record demonstrates that Allstate had a perfected security interest in Bleckley's accounts receivable and the contractual right to collect the proceeds of the receivables directly from Bleckley's account debtors. In fact, this court determined in a related appeal that Allstate's perfected security interest in Bleckley's accounts receivable was valid and enforceable and that Allstate had the right to collect the accounts directly from Bleckley's account

---

1. Dixie's cotton has long since been sold and has    nothing to do with the issues in this case.

**820**

debtors. *See Allstate Financial Corp. v. Dundee Mills, Inc.,* 800 F.2d 1073, 1075 (11th Cir.1986). Unless Dixie can demonstrate that it has some legal claim to Bleckley's accounts receivable, it has no standing to attack or challenge Allstate's ownership of the proceeds. *Allen v. Wright,* 468 U.S. 737, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984); *Bank Stationers Ass'n, Inc. v. Board of Governors,* 704 F.2d 1233 (11th Cir.1983).

Relying on the district court's reasoning, Dixie contends in this appeal that it has some amorphous, unperfected security interest in Bleckley's accounts receivable that arises by operation of law under U.C.C. § 2–401.[2] A close review of the U.C.C., however, demonstrates that Dixie has no such security interest and is no more than an unsecured creditor of Bleckley. Allstate, on the other hand, bought, paid for, and rightfully owns the accounts receivable.

Under the U.C.C., unpaid sellers retain rights in their goods even after they are identified to the contract: (1) the right to reclaim the delivered goods upon demand made within ten days after delivery (U.C.C. § 2–702); (2) the right to withhold delivery of the goods and resell them to another buyer (U.C.C. § 2–703, § 2–706); and (3) the right to ship under reservation of a security interest (U.C.C. § 2–505). If properly exercised, these provisions create rights in the sold goods that, although subordinate to the rights of Article IX secured creditors like Allstate, may nevertheless give the sellers standing to challenge the validity of the secured creditors' interest. In the present case, the record demonstrates that Dixie failed to reserve title and did not obtain an Article IX security interest in its cotton or Bleckley's accounts receivable before releasing possession and control of its goods. Thereafter, Dixie failed to reclaim its cotton under U.C.C. § 2–702 and never sued its buyer, Bleckley, on the bad checks used to purchase the cotton or for breach of contract. Since the cotton is now gone, Dixie is thus "relegated to the position of unsecured creditor[ ]."

Teton Int'l v. First Nat'l Bank, 718 S.W.2d 838, 840 (Tex.Ct.App.1986). Without some security interest in Bleckley's accounts receivable, Dixie simply has no standing to challenge Allstate's ownership rights. Without standing, the issue of Allstate's good faith becomes irrelevant as a matter of law. *Id.* at 840–41; *Nasco Equipment Co. v. Mason,* 229 S.E.2d 278 (N.C.1976).

Accordingly, we affirm the district court's grant of summary judgment in favor of Allstate.

AFFIRMED.

---

**2.** Although Dixie does not address the standing issue in its brief, it apparently contends that it has standing to challenge Allstate's good faith in taking possession of the proceeds.