MOSSLER ACCEPTANCE CO. v.
BURKE et al.

No. 12439.

Court of Civil Appeals of Texas. Galveston.

Oct. 23, 1952.

Rehearing Denied Nov. 13, 1952.

Vinson, Elkins & Weems and Thomas B. Weatherly, of Houston, for appellant.

Albert Stein, of Houston, for appellee James S. Burke.

MONTEITH, Chief Justice.

This action was brought by appellee, James S. Burke, a used car dealer, for recovery from Mossler Acceptance Company, hereinafter referred to Mossler, and the South Main State Bank, alleging that he had the legal title to four used automobiles, and that Mossler and the South Main State Bank asserted liens as against them. He sought a determination by the trial court of the respective rights and ownership of the cars.

While this suit was pending, Burke and Mossler entered into a written agreement, under the terms of which appellee was to deliver the four used cars involved to Mossler to be sold by it with the understanding that the proceeds of the sales would be held in escrow pending the judgment in this case. Appellee sought judgment against Mossler for the value of the cars that Mossler had sold. He admitted that the bank's lien was valid.

Appellee Burke alleged that on November 8, 1950, he bought the four cars in question from Wendell Morris, who had delivered the four cars to him with Indiana certificates of title to them, showing no liens. The record shows that on October 18, 1950, Wendell Morris had agreed to sell the cars to Frank Cox, also a used car dealer, and that Morris had delivered the cars to Cox, but did not deliver the certificates of title to them; that Cox later obtained fraudulent South Carolina car invoices and bills of sale from one R. C. Stephenson, and with such instruments induced Mossler to make a loan and take a mortgage on the cars. That Cox's check in payment for the cars was returned "insufficient funds" and that Morris went to Houston and secured the four automobiles from Cox.

At the conclusion of the evidence Mossler's motion for instructed verdict was overruled, and the court directed a verdict against Mossler and in favor of Burke and the Bank in the sum of $2,850. The cars had been sold pending the suit in accordance with the agreement between Mossler and Burke.

On October 18, 1950, when Wendell Morris undertook to sell the cars to Frank Cox, Morris had in his possession Kentucky bills of sale to them, but Morris and Cox agreed that such bills of sale were not valid in Texas and agreed that Cox would mail them to Morris and Morris would use them to obtain certificates of title in Indiana and would mail them to Cox.

Under appellant Mossler's first point of error, it contends that the trial court erred in overruling its motion for an instructed verdict because the testimony failed to establish that appellee Burke had acquired legal title to the secondhand automobiles when he bought them from Wendell Morris.

It is undisputed that Wendell Morris bought the used cars out of the State before he offered them for sale in Texas, so that their sale in this State became a subsequent sale under the provisions of the Certificate of Title Act. Under the provisions of the Act, Art. 1436-1, Vernon's Annotated Penal Code of Texas, he was required to have in his possession certificates of title before he could lawfully dispose of them to Burke, and Burke was

then required to "then and there" demand certificates of title from Morris. There is an abundance of testimony that on November 8, 1950, when Wendell Morris sold and delivered the secondhand automobiles to appellee he delivered to appellee certificates of title regular on their face.

Under its second point, appellant Mossler contends that the court erred in overruling its motion for an instructed verdict because appellant claimed a lien from Frank Cox, and the evidence conclusively established that Frank Cox had a legal title to the used cars when the lien was imposed and that the cars were the proper subject of the lien.

It is undisputed in the record that on October 18, 1950, when Wendell Morris undertook to sell the cars to Frank Cox, he left with Frank Cox Kentucky bills of sale to the cars, which would not support an application for a certificate of title under the laws of Texas, and Cox agreed to mail the bills of sale to Morris on the following day. Morris applied for Indiana certificates of title and mailed them to Cox.

■ Appellant, Mossler Acceptance Company, in taking a lien from Cox, had a duty imposed upon it to investigate the source of Cox's alleged title, and in failing to investigate, it will be presumed to have known what the exercise of due care would have disclosed.

In the case of Gregory v. Laird, Tex. Civ.App., 212 S.W.2d 193, 195, this Court, quoting with approval from 37 Tex.Jur. page 478, said: " 'Upon a buyer who desires to be regarded as a bona fide purchaser active duties are imposed. His lack of notice of other persons' claims to the subject-matter of the sale must be based upon a reasonable inquiry; and if he fails to investigate he will be presumed to have knowledge of everything that the exercise of due care would have disclosed. * * ' "

■ Sections 33 and 51 of the Certificate of Title Act required that Stephenson have certificates of title, and Section 52 placed upon Cox the duty of demanding certificates of title from him. There is no evidence in the record that either of them complied with these provisions of the Act, and under Section 53 the sale was void.

■ In the case of Kokernot v. Gilstrap, 143 Tex. 595, 187 S.W.2d 368, 370, the Supreme Court of this State held that, "It follows that, in so far as recovery of title or the enforcement of any lien against the property are concerned, the transaction evidenced by the contract and the deed under which respondents claim title falls within that class of contracts which are held to be illegal and void and upon which a plaintiff cannot recover when it is necessary for him to prove his own illegal acts as a part of his cause of action. The law leaves the parties to such contracts where it finds them. * * * "

Under appellant's third point of error, it contends that the court erred in instructing a verdict against Mossler, issues of fact having been raised by the testimony that Cox had purchased the cars and had title to the cars when the lien was imposed.

■ The evidence in the record is uncontradicted that Wendell Morris delivered certificates of title, regular on their face to appellee Burke at the time he sold the cars to appellee and that no issue of fact was raised.

Where the evidence is without dispute and such that reasonable minds may not differ as to the conclusion to be drawn therefrom, it is proper for the court to withdraw the case from the jury and direct a verdict. State v. Crystal Club, Tex.Civ.App., 177 S.W.2d 110; Thomas v. Missouri-Kansas-Texas R. Co., Tex.Civ. App., 178 S.W.2d 881, writ refused for want of merit.

We have considered all other points of error and finding no reversible error, the judgment of the trial court is affirmed.