**Myrtle BEAUCHAMP, Appellant,**

v.

**William L. NICHOLS, Appellee.**

No. 6401.

Court of Civil Appeals of Texas.

Amarillo.

April 19, 1954.

Jack Nossaman, Sherman, for appellant.

Slagle, Rollins & Hughes, Sherman, for appellee.

PITTS, Chief Justice.

This suit involves title to a stolen automobile. Appellant, Mrs. Myrtle Beauchamp, a feme sole, and the Merchants & Planters National Bank of Sherman, Texas, as a lien holder for the sum of $581.12, filed suit against appellee, William L. Nichols, doing business as Public Motor Sales, and P. W. Devereux, seeking a judgment vesting all rights, title and possession of a 1950 four door Chevrolet automobile bearing motor number HAA–1145817, in appellant and the said bank, according to their respective interests therein shown, and no other relief of any kind or character was ultimately sought. They alleged that appellant, Myrtle Beauchamp, had purchased the automobile in question on or about April 27, 1953, from defendant, P. W. Devereux, and that the said bank had in good faith advanced to the seller the sum of $801.12 as a part of the purchase price therefor. They likewise sought a temporary injunction until the case could be heard on its merits. P. W. Devereux failed to answer in the said suit but appeared as a witness and admitted the theft of the automobile in question. Appellee, William L. Nichols, answered denying the claims of appellant and the said bank and asserting by way of a cross action ownership of the said automobile and alleging the same had been stolen from him by P. W. Devereux, who repainted the automobile and changed the motor therein and purported to sell and deliver possession of the same to appellant and the bank with a substituted motor having been installed therein.

The case was tried to the court without a jury and judgment was rendered denying appellant and the bank any recovery and awarding title and possession of the automobile to appellee, William L. Nichols. Appellant and the bank both gave notice of appeal but only appellant, Mrs. Myrtle Beauchamp, perfected an appeal to the Dallas Court of Civil Appeals and the same was transferred to this court by the Supreme Court in equalizing the dockets.

No findings of fact or conclusions of law were requested or filed by the trial court in so far as the record reveals. It must therefore be presumed that the trial court made such findings from the evidence heard as would necessarily support its judgment. The evidence supporting the judgment must be considered in its most favorable light, disregarding all evidence to the contrary.

Appellee testified that he was an automobile dealer and in the finance business in Dallas; that he made a bona fide purchase of the automobile in controversy in Dallas on or about February 20, 1953, from Calvin R. Edgar through Satterfield Brothers, other local automobile dealers, and that the said automobile then bore motor number HAA–1171850; that he personally drove the automobile for approximately six weeks and became familiar enough with it to give its identification marks and characteristics to the proper officers after it had been stolen; that he had the said automobile on his sales lot at Dallas in the custody of his salesmen on April 15, 1953, when it was removed therefrom between 1:30 and 3:00 o'clock p. m. the same day and was never returned; that he waited until 4:00 o'clock p. m. that day to see if the automobile would be returned to his sales lot before he reported the same stolen to the Dallas Police Department; that the color of the automobile was then a light gray and he gave the Police Department enough description of the same, together with identification marks, to help them, along with other information obtained by them, to thereafter find the automobile.

H. H. Stidham testified that he had been with the Dallas Police Department for more that 12 years, during the last six years of which he had been a detective for the

Automobile Theft Division of the Dallas Police Department; that during that time he had been able to locate many stolen automobiles; that upon information furnished him by appellee and otherwise, he found the automobile here in controversy about April 27 or 28th, 1953, in possession of appellant, Mrs. Myrtle Beauchamp, in Sherman, Texas, but some changes had been made in the automobile, including a change in color from gray to maroon and a new motor installed therein.

W. H. Gardiner testified that he operated an independent auto workshop in Bonham, Texas, in April of 1953, in the same block and near the place of business of P. W. Devereux; that he, at the request of Devereux, removed the motor and transmission from a 1950 four door Chevrolet automobile of a maroon color and installed therein another motor and transmission furnished to him by Devereux; that the said automobile was thereafter sold to the Beauchamp family, either to Mrs. Beauchamp or her son James.

█ The record reveals that P. W. Devereux had been in the Texas penitentiary for automobile theft about 1944 under the name of Scott Carson, and that he right name is Adie William Kimberlin. Such was not denied by him as a witness. He testified that Phillip William Devereux was an alias name of his and that his right name was Adie William Kimberlin, but he operated his business of repairing and rebuilding old and damaged automobile in Bonham, Texas, under the name of P. W. Devereux and that he had been indicted under the name of P. W. Devereux. He further testified that he took the light gray Chevrolet automobile here in question from appellees' car lot in Dallas on April 15, 1953, on the pretense of wanting to try it out with prospects of buying it and then did not return the same; that he took the said automobile to a garage he had rented in Dallas near appellee's car lot where he changed appellee's dealer's tag for his own dealer's tag, took off a spot light and then drove the same to Bonham, Texas, where he painted the same a maroon color and had another motor installed in the said automobile, which motor he had purchased from Bolton Brothers in Greenville, to which he got a legal title at the same time; and that he thereafter used the title to the motor he bought from Bolton Brothers to get a title to the automobile in question, thus making an apparent good title in himself to the said automobile; that he then made an apparent bona fide sale of the said automobile with a maroon color and a different motor installed therein to appellant, Mrs. Myrtle Beauchamp, on April 27, 1953, for a cash consideration of $800, together with a trade-in of a 1941 Ford two door valued at $400 and gave her a transfer as shown in the bill of sale or the title certificate furnished by him; that he knew Mrs. Beauchamp had borrowed the said cash payment from the said bank in question and that Mrs. Beauchamp knew nothing about there being anything wrong with the automobile; that the only material changes made in the automobile in question was the change of the motor in it and the change of its color from gray to maroon. Devereux further testified that during the previous year of 1952 he had stolen nine automobiles.

The motor identification number shown in the Certificate of Title furnished appellant by P. W. Devereux as previous owner of the said automobile sold by him to appellant is HAA–1145817. The motor bearing this said number was substituted for the original or former motor in the said automobile bearing number HAA–1171850. The automobile in question has been by mutual agreement of the parties placed in storage pending a final judgment in this case.

There could hardly have been a more conclusive or a more consistent chain of events showing the sale of a stolen automobile than that developed in this action. Appellee gave testimony of his ownership of the automobile, of its location and about the day and the hour it was stolen and of his immediate description given the Dallas Police Department. An experienced detective from the Police Department, through a description of the automobile and dependable identification information furnished, soon located the automobile in possession

of an innocent purchaser after some changes had been made in the automobile in an effort to prevent identification thereof. The mechanic who made the changes for the seller gave a full account of having made such. Finally the seller admitted he had been consistently stealing automobiles and was then under indictment for such and that he stole the said automobile in question, made the changes reflected and fraudulently sold, delivered and gave a fraudulent title of the automobile to an innocent purchaser, who borrowed most of the purchase price of the automobile from her banker.

In the year 1939 the 46th Texas Legislature, in order to help protect ownership of automobiles, enacted what is known as the "Certificate of Title Act", the same being Article 1436-1 of the State Penal Code, Vernon's Ann.P.C., set out in 64 different sections, some parts of which having since been amended. Section 1 of the said Article states that the purpose of the said Act in part at least is to prevent the trading and trafficking of stolen motor vehicles in Texas. Section 54 of the said Article provides that it shall be unlawful for any person to make application for a certificate of title on any motor vehicle within this State known by such person to have been stolen. Section 53 of the said Article provides in part that all sales made in violation of the said Act shall be void and no title shall pass unless the illegal acts have been corrected. P. W. Devereux violated these provisions, as a result of which he never had title to the automobile in question and he could not therefore give title thereto to appellant or anybody else. Appellant therefore has no right or title to the automobile.

This statute has been so construed by the Supreme Court in the case of McKinney v. Croan, 144 Tex. 9, 188 S.W.2d 144, 146. The Court there said in part:

> "It appears to be a settled rule that a purchaser of property from one who has acquired possession thereof by theft, acquires no title thereto. * *
>
> "* * * and it is well settled that one in rightful possession of personal property may maintain an action for its recovery against a thief or one holding under him."

In the case of Manning v. Miller, Tex.Civ.App., 206 S.W.2d 165, the court held, in construing this said Act, that the purchaser of a stolen automobile acquires no title thereto. It was likewise so held by the court in the case of Clemons v. Lyles, Tex.Civ.App., 249 S.W.2d 287, and the court there also held that the "Certificate of Title Act" should be liberally construed in order to effect the purpose for which it was enacted. We have found no authorities to the contrary. The cases of Guinn v. Lokey, 151 Tex. 260, 249 S.W.2d 185 and Mossler Acceptance Co. v. Burke, Tex.Civ.App., 252 S.W.2d 749, cited by appellant present different factual situations but in each of those cases the court held, in effect, that the Certificate of Title Act was enacted to prevent fraud in the purchase and sale of motor vehicles and that each further held, in effect, that a sale that did not comply with the provisions of the Act is void.

Under the record presented and the authorities cited appellant's points of error are all overruled and the judgment of the trial court is affirmed.