John BOSWELL, dba John Boswell Chevrolet

v.

Dr. Ralph M. CONNELL.

No. 8002.

Court of Civil Appeals of Texas, Beaumont.

Sept. 29, 1977.

Rehearing Denied Oct. 13, 1977.

Thomas K. Boone, Dallas, for appellant.

Rex G. Roberts, Dallas, for appellee.

KEITH, Justice.

The appeal involves the title to a motor vehicle, the Certificate of Title Act (hereinafter "Act")[1] and the "innocent purchaser" provisions of the Uniform Commercial Code (hereinafter "Code").[2] Connell as plaintiff filed suit against Boswell, the Texas Highway Department, and the Dallas County Tax Collector, seeking a certificate of title to a 1972 Chevrolet pickup truck. Boswell answered with a counterclaim for possession of the truck. The Highway Department and the Tax Collector have at all times agreed to be bound by the final judgment in this cause and did not participate in the trial nor are they involved in the appeal.

The case was submitted upon stipulations and answers to interrogatories and the trial court entered judgment for plaintiff (Connell) upon a finding that he had acquired the vehicle as a good faith purchaser as a buyer in the ordinary course of business. The judgment extinguished Boswell's interest in the vehicle and ordered the issuance of a certificate of title to Connell. The trial court filed lengthy findings of fact and conclusions of law which we will have occasion to mention in our discussion of Boswell's single point of error contending that the trial court erred in finding that Connell was a good faith purchaser for value, etc., "because the sale to Appellee was void under Sec. 51" of the *Act.*

At all times material to this suit, Boswell was a new and used car dealer and had possession of the used 1972 Chevrolet pickup truck involved in this suit and the certificate of title thereto. It was registered and licensed in this state. On August 12, 1974, one George Jenkins, purporting to represent Dixie Motors, a used car dealership, negotiated the purchase of the vehicle from Boswell and acquired possession, but not title, thereto. Boswell drew a sight draft upon Dixie Motors and attached the title to the vehicle. The draft was returned unpaid and Boswell still has the original certificate of title. In the meanwhile, on August 19,

Jenkins traded the vehicle to Connell pursuant to a contract of sale whereby Connell traded him another vehicle and gave him a check for $322. Connell did not receive a certificate of title at the time the vehicle was delivered to him by Jenkins. The Jenkins/Connell transaction took place at Connell's home following a telephone conversation he had had with Jenkins. Connell acquired the vehicle for personal, family and farming operations without knowledge of any security interest; he has had possession of the vehicle at all times since receiving it from Jenkins. As might be expected, Jenkins disappeared.

Although we have been furnished excellent briefs, the parties do not cite a case precisely in point and our own research has not revealed such authority.

We quote the material language found in *Sec. 51, Act*:

> "It shall hereafter be unlawful for any person . . . to offer for sale or to sell . . . any motor vehicle registered or licensed in this State without then and there having in his possession the proper receipt or certificate of title covering the motor vehicle so offered."

It is provided in *Sec. 53*: "All sales made in violation of this Act shall be void and no title shall pass until the provisions of this Act have been complied with."

In *Guinn v. Lokey*, 151 Tex. 260, 249 S.W.2d 185, 189 (1952), the Court gave full effect to *Sections 51 and 53 of the Act.* See also, *Associates Investment Company v. Galloway*, 403 S.W.2d 542, 543 (Tex.Civ. App.—Amarillo 1966, no writ). Although it did not cite *Guinn v. Lokey*, supra, the same result was reached in *Mossler Acceptance Co. v. Burke*, 252 S.W.2d 749, 751 (Tex.Civ. App.—Galveston 1952, writ ref'd n. r. e.), where the court noted that a person taking a lien from one claiming to own a vehicle had a duty to investigate the title of the tenderer of the lien and was charged with knowledge of the investigation. Thus, un-

1. Tex.Rev.Civ.Stat.Ann. art. 6687–1 (1977).

2. Tex.Bus.Comm.Code Ann. §§ 2.403 (1968) and 9.307 (Supp. 1976–1977).

der the clear language of *Sec. 53 of the Act,* Jenkins' transfer to Connell was void as to Boswell.[3]

The trial court, holding that Connell acquired the vehicle as a good faith purchaser for value and as a buyer in the ordinary course of business, apparently relied upon *Tex.Bus. & Comm. Code Ann. § 2.403 (1968) and § 9.307 (Supp. 1976–1977). Sec. 2.403 (a) of the Code* provides that a person with voidable title has power to transfer a good title to a good faith purchaser for value, and is followed immediately by *Sec. 2.403(b),* reading:

"Any entrusting of possession of goods to a merchant who deals in goods of that kind gives him power to transfer all rights of the entruster to a buyer in ordinary course of business."

The relevant portion of *Sec. 9.307 of the Code* reads:

"(b) In the case of consumer goods, a buyer takes free of a security interest even though perfected if he buys without knowledge of the security interest, for value and for his own personal, family or household purposes unless prior to the purchase the secured party has filed a financing statement covering such goods."

Boswell argues that the *Act*—not the *Code*—fixes the rights and determines the liabilities of the parties, citing *Apeco Corporation v. Bishop Mobile Homes, Inc.,* 506 S.W.2d 711, 715 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n. r. e.).[4] As Justice Bissett points out in *Apeco*:

"Any sale of a vehicle prior to its registration is a 'first sale', and any sale thereafter is a 'subsequent sale'. This distinction is material because of the requirement in the Act that an application for a certificate of title is essential to the validity of a 'subsequent sale'."

Only a *first sale* was involved in *Apeco*; and, since the Act was inapplicable, the Court turned to the Code provisions previously quoted and upheld the title of the good faith purchaser in ordinary course of business. (506 S.W.2d at 719)

Under the fact structure which we review, we find no conflict between the Code and the Act. Connell purchased the pickup truck at a "subsequent sale" from Jenkins who did not have, and could not transfer, a certificate of title. Under *Sec. 53 of the Act* the transfer was void and passed no title.

The judgment of the trial court is reversed and judgment now rendered that Boswell recover title and possession of the truck; but, since Connell has had possession, use, and enjoyment thereof since the dispute began and the vehicle has depreciated in value, we remand the cause to the trial court to enter an appropriate judgment granting to Boswell such additional monetary relief as might appear reasonable and proper under the record. All costs are adjudged against Connell.

---

3. As between the immediate parties, i. e., Jenkins/Connell, the provisions of the Act do not render the sale void. See *Rush v. Smitherman,* 294 S.W.2d 873, 877 (Tex.Civ.App.—San Antonio 1956, writ ref'd); *Ballard v. Associates Investment Co.,* 368 S.W.2d 232, 234 (Tex.Civ. App.—Dallas 1963, writ ref'd n. r. e.).

4. Professor Lennart Larson comments on *Apeco* by saying: "The decision seems consistent with earlier judicial construction." "Annual Survey of Texas Law, Commercial Transactions," *29 Sw.L.J. 118, 137–138 (1975).*