The plaintiff, William C. Gillis, appeals from a summary judgment in favor of the defendant, Benefit Trust Life Insurance Company.
On March 16, 1987, Gillis and his wife, Nellie Gillis, applied for health insurance with the defendant. As part of the application process, Gillis requested the "Check-o-matic" payment plan. The Check-o-matic plan allowed Benefit Trust to withdraw preauthorized checks from Gillis's checking account to cover the insurance premiums on the policy for him and his wife.[1] The monthly premium for the policy was $239.85.
On July 31, 1988, Mrs. Gillis died. Before her death, Gillis had made several health insurance claims for Mrs. Gillis. On August 24, 1988, Benefit Trust acknowledged *Page 952 
the death of Mrs. Gillis and denied coverage for any claims made on her behalf under the policy. In a letter to Gillis, Benefit Trust stated that it would:
 "Amend the policy by the deletion of [Mrs. Gillis] as a covered member and refund all premium paid on behalf of the deleted person less any past claim payments that may have been made, if any. The policy will be continued for all other listed family members and the premium rate on the policy will be changed to that shown on the enclosed amendment."
Or in the alternative, Benefit Trust would:
 "Rescind the entire policy with a refund of all premium paid for all listed family members."
Benefit Trust stated that Gillis must choose between the amendment or the rescission within 20 days of August 24, 1988, or else Benefit Trust would rescind the entire policy. It is undisputed that Benefit Trust continued to draw checks on Gillis's checking account until December 1988.
On August 30, 1988, Gillis sued Benefit Trust, alleging breach of contract, fraud, misrepresentation, bad faith, breach of duty to pay, outrage, and failure to pay insurance claims. All of these claims were related to Benefit Trust's alleged failure to pay health insurance claims for Mrs. Gillis. The trial court entered a summary judgment in favor of Benefit Trust on all the claims. Gillis then moved to amend his complaint to include a claim of conversion; the trial court granted that motion, but then entered a summary judgment for the defendant on that claim. Gillis appeals from the summary judgment on the conversion claim.
A summary judgment is appropriate only when the moving party shows "that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), A.R.Civ.P. Once the moving party has made a prima facie showing that there is no genuine issue of material fact, the nonmoving party must rebut that showing by presenting substantial evidence creating a genuine issue of material fact.Hope v. Brannan, 557 So.2d 1208 (Ala. 1989).
To have a conversion claim, there must be (1) a wrongful taking, (2) an illegal assumption of ownership, (3) an illegal use or misuse of another's property, or (4) a wrongful detention or interference with another's property.Covington v. Exxon Co., U.S.A., 551 So.2d 935 (Ala. 1989). Generally, an action for conversion of money will not lie unless the money is specific money capable of identification.Greene County Bd. of Education v. Bailey, 586 So.2d 893 (Ala. 1991).
"Now, in conversion cases, the courts are not confronted so much with a particular piece of money, i.e., a coin or a bill, but with identified or segregated sources from which money hascome or types of accounts into which money has been deposited."Lewis v. Fowler, 479 So.2d 725, 726 (Ala. 1985) (emphasis added.)
Gillis presented substantial evidence that the money in question was identifiable. It is undisputed that Benefit Trust withdrew monies from Gillis's checking account for premiums on a specific insurance policy. Benefit Trust drew these checks and presented them to Gillis's bank. Benefit Trust stated that it would rescind the contract and refund the premiums if Gillis did not respond in 20 days. By the terms of its letter, Benefit Trust rescinded the policies. However, Benefit Trust continued to withdraw payments for an insurance premium from Gillis's account after the insurance contract had been rescinded.
We reverse the judgment and remand this case for a trial on the merits.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES, ADAMS, HOUSTON and STEAGALL, JJ., concur.
[1] Gillis also signed a form authorizing his bank, SouthTrust Bank, to honor checks drawn by Benefit Trust. *Page 953