The plaintiffs appeal from a summary judgment against their conversion claim.
Donald Rice, J. Larry Moore, A.J. Richards, and Ray Clark sued Birmingham Coal Coke Company, Inc., and its owners and agents (those defendants shall be referred to as "BC C"), alleging, among other things, that BC C had converted mining equipment that they claimed was the property of Erin Mining and Minerals, Inc., ("Erin"), a corporation with which the plaintiffs were associated. The trial court entered a summary judgment in favor of BC C on the claim alleging conversion of mining equipment. The trial court certified that judgment as final under the provisions of Rule 54(b), A.R.Civ.P.; that judgment left pending a claim alleging conversion of coal. The plaintiffs appeal from the summary judgment on the claim alleging the conversion of mining equipment.
The plaintiffs, Rice, Moore, Richards, and Clark owned Dixie Fuels, Inc., a corporation in the business of mining and processing coal in Alabama. During the mid-1980s, Dixie Fuels struggled financially. Ultimately, a decision was made for Dixie Fuels to sell its assets to Erin, a newly formed Alabama corporation. Before the sale was completed, however, Dixie Fuels filed for bankruptcy under Chapter 11 of *Page 714 
the U.S. Bankruptcy Code. Consequently, the sale of assets was completed through the bankruptcy court.
Erin not only agreed to buy Dixie Fuel's assets, but also to assume its liabilities. One of the liabilities Erin assumed was a promissory note to Union National Bank of Fayetteville, Tennessee (now Dominion Bank Middle Tennessee). This note was guaranteed by Rice, Moore, Richards, Clark. Erin is not a party to this action. Upon Erin's default on the note, Dominion Bank brought suit against the guarantors in the United States District Court for the Northern District of Alabama. Pursuant to a settlement agreement between Dominion Bank and the guarantors, that court entered a judgment against Rice, Moore, Richards, and Clark in the amount of $250,000. Dominion Bank then levied on all of the property in Erin's possession.
As part of the settlement agreement, Dominion Bank assigned various rights and claims to Rice, Moore, Richards, and Clark including "any and all claims against Birmingham Coal and Coke" [sic]. The defendants Kent Lewis, Bob Lewis, and Tom Lewis, are the owners of the defendant BC C. In September 1986, BC C sold two powerscreens to Terminal Services, Inc. (a wholly owned subsidiary of Erin), retaining a security interest in the powerscreens. On August 25, 1986, BC C and Terminal Services entered into a conditional sale agreement whereby BC C agreed to sell a Caterpillar wheel loader, Model 992 C, to Terminal Services. The completion of the sale was conditioned upon satisfaction by Terminal Services of a promissory note held by BC C in the amount of $168,758.75. There is no evidence that the promissory note was ever satisfied. On December 31, 1986, Terminal Services sold the powerscreens and the wheel loader to Erin. Sometime in April or May 1987, BC C regained possession of the powerscreens. The evidence is in dispute as to how or when BC C actually took possession of them. When BC C took possession of the powerscreens, it also took a utility trailer and some other supplies and pieces of equipment. It is undisputed that as of July 1987 BC C had possession of the Caterpillar wheel loader. The evidence is in dispute, however, as to whether prior to July 1987 the Caterpillar wheel loader was ever owned by or in the possession of Erin.
To constitute conversion, there must be a wrongful taking or a wrongful detention or interference, or an illegal assumption of ownership, or an illegal use or misuse of another's property. Greene County Board of Education v. Bailey,586 So.2d 893, 898 (Ala. 1991). A plaintiff must establish that the defendant converted specific personal property to his own use and beneficial enjoyment or that the defendant destroyed or exercised dominion over property to which, at the time of the conversion, the plaintiff had a general or specific title and of which the plaintiff was in actual possession or to which he was entitled to immediate possession. Wilder v. CharlesBell Pontiac-Buick, Cadillac-GMC, Inc., 565 So.2d 205, 206
(Ala. 1990).
A summary judgment is proper only where the moving party has clearly shown the absence of a genuine issue of material fact and is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P.; Osborn v. Johns, 468 So.2d 103 (Ala. 1985). In order to defeat a properly supported motion for summary judgment, the nonmovant must present substantial evidence creating a genuine issue of material fact. "[S]ubstantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co.,547 So.2d 870, 871 (Ala. 1989).
In reviewing a summary judgment, this Court will take into account the same factors considered by the trial court in initially ruling on the motion for summary judgment. Havensv. Trawick, 564 So.2d 917 (Ala. 1990). This Court will review the record in the light most favorable to the nonmovant and will resolve all reasonable doubts against the movant.Specialty Container Mfg., Inc. v. Rusken Packaging,Inc., 572 So.2d 403 (Ala. 1990). *Page 715 
Reviewing the record according to that standard, we find that the plaintiffs presented no evidence that they, collectively, or any one of them, individually, owned any of the equipment in question other than the utility trailer. The evidence shows that all of the equipment was owned by either Erin or BC C. With the exception of the trailer, the evidence shows that the only basis for the conversion claim with regard to the mining equipment is the assignment of claims the plaintiffs received from Dominion Bank.
There is a dispute as to whether Dominion Bank has a valid security interest in the equipment in question. Assuming, however, that Dominion Bank does have such a security interest, it could potentially bring a claim against BC C for damages for the alleged conversion of the powerscreens and the wheel loader. In fact, Dominion Bank brought such a claim against BC C and the Lewises in 1987. That action was voluntarily dismissed by Dominion Bank pursuant to Rule 41(a)(1), F.R.Civ.P., on November 9, 1987. Because it is not necessary to the resolution of the present action, this Court expresses no opinion on the merits of that claim.
The plaintiffs presented no substantial evidence of any other basis upon which they could recover damages from BC C for the alleged conversion of the powerscreens and the wheel loader. This Court has held that a "right merely to recover the possession of a chattel by a suit, is a chose in action."Goodwyn v. Lloyd, 8 Port. 237, 240 (Ala. 1838). Moreover, it has long been the law in Alabama that a chose in action for recovery of converted property is not assignable. InGoodwyn, 8 Port. at 240, this Court said, "That a chose in action is not at common law assignable, or, in other words, that the right to sue for and recover the possession, cannot be transferred to another, is an ancient doctrine of the common law — (Coke's Litt. 214, A.; 2 Black. Com. 397)." Similarly, this Court held that when one knows that his property has been taken by another with a claim to title, his title is changed into a chose in action, which cannot be transferred or conveyed to another. Dunklin v.Wilkins, 5 Ala. 199 (1843); Foster v. Goree,5 Ala. 424 (1843); Brown v. Lipscomb, 9 Port. 472 (Ala. 1839).
While the cases we have cited here are not recent ones, the plaintiffs have not cited any statute or decision of this Court that alters the common law rule. The plaintiffs rely onErika, Inc. v. Blue Cross Blue Shield of Alabama,496 F. Supp. 786 (N.D.Ala. 1980), and Baker v. EufaulaConcrete Co., 557 So.2d 1228 (Ala. 1990), which set out the conditions under which contract rights can be assigned. Those cases do not deal with the assignment of the right to pursue a cause of action in tort and, therefore, are not apposite in this case. The plaintiffs correctly state that Ala. Code 1975, § 8-5-20 et seq., does not expressly prohibit the assignment of causes of action for conversion. However, as we have shown above, the common law of Alabama has long prohibited such assignments, and we are not persuaded that we should now change that rule.
We therefore hold that the assignment of claims from Dominion Bank to Rice, Moore, Richards, and Clark did not independently create in them the right to sue on any claims Dominion Bank might have had against BC C for conversion. Because the Dominion Bank assignment is the only basis asserted for the cause of action, we conclude that, except as to the claim regarding the utility trailer, the trial court properly entered the summary judgment in favor of BC C and the Lewises. Accordingly, with regard to the equipment other than the trailer the summary judgment is due to be affirmed.
Reviewing the evidence in the light most favorable to the plaintiffs, we conclude that they did produce substantial evidence that they owned the utility trailer. In his deposition, Rice testified that he and Moore, Richards, and Clark personally purchased and owned the trailer. Moreover, there is substantial evidence that BC C wrongfully took possession of the trailer. Rice, Moore, Richards, and Clark were free, therefore, to bring an action seeking damages due to BC C's alleged conversion of the trailer. *Page 716 
BC C argues that with regard to the trailer the trial court's summary judgment should be affirmed because, it says, the plaintiffs presented no evidence of damage due to the taking of the trailer. We disagree. In Edwards v.Vanzant, 492 So.2d 990, 993 (Ala. 1986), this Court set out the elements of a claim for damages for conversion. The defendant in that case argued that because the plaintiff had presented no specific evidence of damage, the jury instruction regarding the normal measure of damages should not have been given. Specifically, the defendant argued that because the property was returned to the plaintiff and the plaintiff presented no evidence of diminution in value, the plaintiff was not entitled to any recovery. We have held that the value at the time of return was evidence of mitigation and thus that the burden of production on that point rests on the defendant.Edwards, 492 So.2d at 994. Similarly, in Brown v.Campbell, 536 So.2d 920, 921 (Ala. 1988), we held that the tort of conversion is complete when the property is converted. Moreover, we stated that "recovery of the property by the plaintiff does not bar a suit for conversion but merely reduces the plaintiff's damages by the value of the property at the time of its return." Brown, 536 So.2d at 922.
Accordingly, we hold that Rice, Moore, Richards, and Clark presented substantial evidence to support their claim for damages for the conversion of the trailer. With regard to that claim, the judgment of the trial court is due to be reversed. This cause is remanded to the Walker County Circuit Court for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH DIRECTIONS.