RICHARD L. HOLMES, Retired Appellate Judge.
Steve Sultan filed a complaint, wherein he alleged that in June 1993, Austin Hinds “unlawfully seized, detained and converted to his own use ... one 1989 FORD SUPER DUTY TRUCK....”
Hinds filed an answer, wherein he denied the allegations of the complaint. Thereafter, Hinds filed an amended answer and a counterclaim, wherein he alleged that Sultan owed him $12,000 on an open account.
A non-jury trial was held. The trial court entered a judgment in favor of Hinds and against Sultan. Sultan filed a post-judgment motion. After a hearing, the trial court denied the motion. The entry on the case action summary sheet stated the following:
“The court has reviewed its trial notes. The court is of the opinion that under all of the circumstances shown, the taking by [Hinds’s] agent was not a conversion; in the alternative, even if it was a conversion, the fair market value of the vehicle, according to [Hinds’s] testimony, was approximately the same as the unpaid sum owed [to Hinds] by [Sultan]. The court did not believe [Sultan’s] testimony as to value. Motion denied.”
Sultan appeals. This case is before this court pursuant to Ala.Code 1975, § 12—2—7(6).
The dispositive issue on appeal is whether there is evidence to support the trial court’s determination that Hinds’s actions did not constitute conversion.
Initially, we would note that in a non-jury case, the trial judge is the finder of fact and that a presumption of correctness attaches to his findings and to the judgment based on these findings. Clardy v. Capital City Asphalt Co., 477 So.2d 350 (Ala.1985). The resulting judgment will not be disturbed on appeal unless it is manifestly unjust, palpably wrong, or without supporting evidence. Clardy, 477 So.2d 350.
We have reviewed the record on appeal. Suffice it to say that there was conflicting evidence presented in this case. However, it was the responsibility of the trial judge to listen to the evidence presented ore tenus, to resolve the conflicts in this evidence, and to enter a judgment. Johnson v. Johnson, 597 So.2d 699 (Ala.Civ.App.1991).
Our review of the record reveals the following: In October 1991 Hinds, who owns Austin Hinds Motors, Inc., sold a 1989 Ford flatbed truck to Sultan. In order to purchase the vehicle, Sultan made a substantial down payment and signed a promissory note, wherein he agreed to pay the remainder of the purchase price in three equal installments. It is undisputed that Sultan made one installment payment and failed to pay the balance of the purchase price.
Immediately upon purchase, the vehicle was transported to the New York City area, which is where Sultan resides. A certificate of title for the vehicle was issued by the State of New Jersey in December 1991. This certificate of title lists Austin Hinds Motors as the first lienholder.
In June 1993 Hinds learned that the truck had been impounded by the parking violations bureau of New York City due to Sultan’s failure to pay for parking violations charged to him. Hinds also learned that the truck was at an impound lot located at Jamaica Towing Service in New York City, that the truck was to be sold at an auction, and that the proceeds from the sale were to be applied to the outstanding parking tickets. Hinds sent Garvin Payne, one of his employees, to New York City to recover the truck.
Payne testified that the paperwork was processed at the New York City Police Department. Payne stated that he presented evidence that Hinds was the lienholder for the vehicle and that all he had to pay to recover the vehicle for Hinds were the towing charges. The police department sent Payne to Jamaica Towing Service to pick up the vehicle for Hinds. Payne testified that after he took possession of the vehicle from Jamaica Towing Service, he returned to Alabama with the vehicle.
We would note that Sultan testified that he paid $1,100 to New York City to recover possession of the vehicle under an amnesty *236 program. However, Sultan stated that he did not have any documentation with him to prove that he had made this payment to New York City because he did not realize that such a payment would be important. Sultan also testified that even though he paid $1,100, the New York City officials refused to release the truck to him because Hinds had notified New York City officials of his lien-holder status and of his desire to recover the vehicle.
Our supreme court stated the following in Rice v. Birmingham Coal & Coke Co., 608 So.2d 713, 714 (Ala.1992):
“To constitute conversion, there must be a wrongful taking or a wrongful detention or interference, or an illegal assumption of ownership, or an illegal use or misuse of another’s property. A plaintiff must establish that the defendant converted specific personal property to his own use and beneficial enjoyment or that the defendant destroyed or exercised dominion over property to which, at the time of the conversion, the plaintiff had a general or specific title and of which the plaintiff was in actual possession or to which he was entitled to immediate possession."
(Citations omitted) (emphasis added).
In light of the above, we find that the trial court’s determination was supported by the evidence.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
All the Judges concur.